LEVI v. GARDNER.

1. CHARGE—A request to charge that plaintiff having traced his title
   back to a common source, &c., involves a statement of fact.
2. CHARGE complained of, as to setting up equitable title against legal,
   not misleading.
3. EXCEPTION too general.
4. REAL PROPERTY—JURIES.—Under the facts in this case, the Judge
   properly submitted to the jury the character of the possession of an
   intermediate holder of the land.
5. RECORDING.—The record simply gives notice of the contents of the
   deed, and failure to record does not render deed void between the
   parties to it. *State* v. *Mansel*, 6 Rich., 454, affirmed.
6. EQUITABLE TITLE—SHERIFF'S SALE.—Purchaser of land at sheriff's

sale, paying purchase money and neglecting to take deed, has only equitable title.

7. ESTOPPEL.—A CESTUI QUE TRUST in possession of land under trust deed is estopped from denying the deed, but recitals in a deed by him to a stranger for the land do not estop the other *cestuis que trustent.*

8. EVIDENCE—REAL PROPERTY.—Declarations of a party while in possession of land tending to show the character of his possession, are admissible in reply to such declarations against interest.

Before WITHERSPOON, J., Clarendon, October, 1895. Affirmed.

Action for possession of real estate by Moses Levi *v.* John J. Gardner *et al.* From judgment for defendant, plaintiff appeals.

*Messrs. A. Levy* and *Purdy & Reynolds,* for appellant. The latter cite: *Purchase at sheriff's sale without taking deed gives equitable title:* 3 Strob. L., 190. *As to recording:* Act of 1785; 2 N. & McC., 105, 578. *Declarations of grantor after parting with his interest not admissible:* 129 Mass., 312; 108 Mass., 396; 93 U. S., 379.

*Mr. Henry L. B. Wells,* contra, cites: *Charge considered as a whole not objectionable:* 45 S. C., 146. *Equitable title and long possession gives legal title:* 28 S. C., 453; 9 S. C., 265; 48 S. C., 496; 40 S. C., 168. *Acts of party in possession may be used to rebut declarations against interest:* 48 S. C., 472.

July 23, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action to recover real estate, and the appeal is from a judgment in favor of the defendants. The evidence tended to show that the parties claimed from a common source, Wm. N. Gardner, the husband of the defendant, Elizabeth Gardner. Plaintiff's claim of title was (1) deed by John R. Thames and A. L. Thames to Wm. Gardner, dated November 21, 1838, recorded March 29th, 1876; (2) deed of Wm. N. Gardner to the plaintiff, Moses Levi, dated March 4, 1876, recorded March 20, 1876,

on which the defendant, Elizabeth Gardner, renounced dower; (3) deed of Moses Levi to Mrs. J. A. Gardner, dated February 21st, 1885, recorded February 23d, 1885; (4) deed of Mrs. J. A. Gardner back to plaintiff, September 6, 1887.

The defendant offered in evidence: (1) Judgment and execution against Wm. N. Gardner, in the case of Mayrant and Richardson v. Wm. N. Gardner, obtained in 1850. Sale of the land under execution in July, 1850, and payment of the bid by the purchaser, J. R. Felder; but no deed from the sheriff to Felder was introduced or shown to have been executed or recorded. (2) Deed from J. R. Felder, the purchaser at said sale by the sheriff, to John J. Ragin, dated January 31st, 1853, recorded December 15th, 1853. (3) Deed from John J. Ragin to John M. Rowe, in trust, dated January 8th, 1863, recorded June 13th, 1863, the trust being declared in the deed as follows: "In trust for the joint use and benefit of the said William N. Gardner and his wife, Elizabeth, during their natural lives, and at their death to such child or children as they may have surviving, &c."

1. Appellant's first exception imputes error as follows: "1. Because his Honor refused to charge the plaintiff's second request, which is as follows: 'The plaintiff having traced his title back to W. N. Gardner, need not go beyond that source, if all parties claim from W. N. Gardner, but can rest there—and the question then is, who has the best title from W. N. Gardner; and, even if it be proven that Felder procured the sheriff to make him a deed to the land in dispute, the defendants here cannot set up that title as against the plaintiff, unless it be recorded, or unless the plaintiff had actual notice that such title had been made; the recording of the Rowe and Ragin deeds would not supply this defect and give the notice required;' whereas, it is respectfully submitted, his Honor should have granted such charge as the law applicable to this case; and his Honor further erred in holding that said request embraced statements of fact, and in declining to charge the same on that ground, when the same did not contain state-

ments of facts, but only conclusions of law drawn from the construction of the deeds put in evidence." The Circuit Judge refused to charge as requested, because the proposition seemed to him to involve a statement of fact, and we do not think he erred. The statement: "The plaintiff having traced his title back to W. N. Gardner, need not go beyond that source, if all parties claimed from W. N. Gardner, &c.," involved more than a mere construction of deeds in evidence, and a statement of their legal effect. It involved a statement that plaintiff had duly proved the execution of the deeds in his claim of title, and that the land in dispute was identical with the land described in the several deeds constituting his claim of title. Whether plaintiff had traced his title back to a common source, was a fact for the jury to determine. Besides this, the Circuit Judge had already charged clearly and explicitly: "When both parties claim through the same person as a common source, they do not have to go beyond that source. Then the simple question is, if the common source has been shown, who has the better title? And who shows the best title from the common source is entitled to recover the land." Having clearly presented the law on this point, he was not bound to repeat it, especially if the repetition of it, in his judgment, involved a statement of facts in issue.

2. The second exception having been abandoned, we now consider the third exception. This imputes error in charging, at the request of defendants, as follows: "That under the sale of land by the sheriff, the purchaser at said sale, after paying his bid, is entitled to the title, and the purchaser, or his grantee, is entitled to the possession of the land in an action between them and the judgment debtor, and those claiming under him, unless they show a better title." It is specified that this was error, because such a sale by the sheriff without a deed gives the purchaser a mere equitable title and not a legal right to sue; that such charge is inconsistent with other portions of his charge, made at request of plaintiff, and was confus-

ing and misleading to the jury. The Judge, at request of appellant, had charged as follows: "1. If the jury be satisfied that Felder, the alleged purchaser of the land in dispute, did not procure the sheriff to make a deed to him of the land (if it has been made to appear that all parties to this action claim from W. N. Gardner), the plaintiff having shown a legal title in himself and traced it back to W. N. Gardner, the defendants cannot set up an equitable title as against the plaintiff's legal title. * * 3. If Felder failed to take a deed from the sheriff for the land in dispute, then he had a mere equitable title, which he could have perfected by taking the proper steps to complete the same." The charge complained of, at first blush, might seem inconsistent with the charge last above quoted, but when rightly construed in the light of the question before the jury, there is no inconsistency. In this case, no one was suing to recover land in an action at law on a mere equitable title. The defendant was in possession of the land, and was resisting plaintiff's claim of title under a general denial. The Judge had already charged the jury, that if Felder failed to take a deed from the sheriff, then he had a mere equitable title, and that a mere equitable title could not be set up against a plaintiff's legal title. In the charge complained of, he merely meant to say that a defendant in possession of land, claiming under an equitable title, has the right to retain such possession, unless the plaintiff could show a better title. In other words, plaintiff must recover on the strength of his own title, and where both plaintiff and defendant claim from a common source, in order to recover, the plaintiff must show a superior title from the common source.

3. The fourth exception, alleging error "in refusing to grant plaintiff's motion for new trial," is too general.

4. The fifth exception is as follows: "5. Because his Honor erred in submitting to the jury the character of the possession of William N. Gardner, as to whether he entered or was holding under the alleged trust deed

of Ragin to Rowe as trustee, and in charging the jury that if he was in possession of the land under the trust deed, that he and those claiming under him could not dispute the title; and that if there was anything in the trust deed to put any one on inquiry, it was his duty to pursue the inquiry and go to the index, in that: 1. There was nothing to connect Ragin and Rowe with Wm. N. Gardner of record. 2. Because there was no deed from the sheriff for Gardner to Felder; and even if there had been, it was not recorded, and was not notice to the plaintiff, and as to him, under the law then of force, was void, and he was not bound by the record of the deed to Rowe as trustee." The evidence tended to show that Wm. N. Gardner was in actual possession of the land from 1838 to the time of his death in 1881. The character of that possession was material, and was a matter in controversy. The plaintiff offered evidence to show that Wm. N. Gardner held as his tenant from the date of Gardner's deed to plaintiff, March 4, 1876, to the date of plaintiff's deed to Mrs. J. A. Gardner, February 21st, 1885. The defendants offered evidence for the purpose of showing that Wm. N. Gardner held the land under the trust deed from Ragin to Rowe, dated January 8, 1863. It was not error, therefore, to submit to the jury the character of the possession of W. N. Gardner. The Judge charged the jury, that if Wm. N. Gardner was in possession, holding and occupying under that trust deed, he could not dispute the title of the trustee, or those through whom he claims. In this we see no error.

Touching the matter of recording, the Judge charged as follows: "Mr. Foreman, a deed from you to myself is good without recording, perfectly good. But if you convey that land to me by deed, and I wish to protect myself against your selling the land or conveying it to somebody else, the law says I must put it on record. The object of putting it on record is to give notice to the world, and parties purchasing land should always consult the record of the court to see if there is any judgment or

incumbrance upon the land. That is as far as they are bound to go. Mr. Foreman, as far as this trust deed being recorded is concerned, it is only notice as to the contents of that deed and no farther, and if there is nothing in that deed that would put one who purchased the land upon inquiry, and put him upon his guard, then that purchaser is not bound by it. But if there be anything in that deed placed upon record that would indicate to a person, or put him on inquiry, to see if there were any incumbrances or not upon it, it would be his duty to pursue the inquiry and go to the index. After going there, it is not necessary for him to go any farther." We see no error in the foregoing charge of which appellant may complain. The trust deed was duly recorded long before plaintiff acquired his deed from Wm. N. Gardner, and plaintiff was bound to take notice of this record, which showed on its face the estate which his grantor and the other *cestuis que trustent* had in the land in question. It is urged that, even assuming that there was a deed from the sheriff to Felder, it not having been shown to have been recorded within six months thereafter, such deed would be void as against the plaintiff, under the act of 1795. But in *Steele* v. *Mansel*, 6 Rich., 454, it was held that the failure to record a deed within the prescribed time did not render the deed void as between the parties, and that if recorded after the prescribed time it would operate as notice from the time of record against all creditors or purchasers subsequent to the record. We are asked to overrule the case of *Steele* v. *Mansel*, *supra*, but we are not so inclined. But, as it does not appear that any deed was ever executed by the sheriff to Felder, of course the same could not be recorded, and, therefore, it does not seem necessary to consider the effect of the recording act as to a deed not in existence. There being no deed from the sheriff to Felder, the sale by the sheriff and the payment of the bid by Felder, gave Felder, at most, only an equitable title. *Bank* v. *S. C. Mfg. Co.*, 3 Strob., 190; *Leger* v. *Doyle*, 11 Rich., 109. This equita-

ble title, however, was conveyed by Felder to Ragin in 1853, and recorded in 1856, and was again conveyed by Ragin to Howe, trustee, in 1863, and recorded within six months. If, as the jury doubtless found under the issue submitted to them, Wm. N. Gardner, in 1876, was in possession of the land, holding and claiming under said trust deed, it would be against "the moral policy of the law," while retaining such advantage, not disclaiming the title of Rowe, and not having held the land adversely for the statutory period after disclaimer, for him to dispute the title under which he acquired and held his possession. Wm. N. Gardner being estopped to deny the title of Ragin and of Rowe in 1876, when he conveyed to plaintiff, could not then convey to plaintiff any greater interest in the land than he then possessed under the trust deed, and no recital in his deed to plaintiff could in any way operate as estoppel against the other *cestuis que trustent*, who were not parties to this deed. The trust deed having been duly recorded previous to the conveyance to plaintiff, plaintiff is charged with notice of the trust.

5. The sixth and seventh exceptions allege error in allowing John J. Gardner to testify as to declarations of his father, Wm. N. Gardner, while in possession of the land. The declarations were introduced to show the character of the possession of Wm. N. Gardner, whether under the said trust deed or adverse thereto. This evidence was offered, too, in reply to evidence offered in behalf of plaintiff as to the character of Gardner's possession, plaintiff having attempted to show that Gardner was in possession under plaintiff's deed, and paid rent to plaintiff. The declarations of Gardner, plaintiff's grantor, while in possession of the land, which tended to show the character of his possession, were admissible. *Turpin* v. *Brannon*, 3 McC., 261; *Martin* v. *Simpson*, 4 McC., 262; *Leger* v. *Doyle*, 11 Rich., 109. But even if such declarations could not be held admissible as original evidence in disparagement of his title, they were certainly admissible in reply to evidence offered

by plaintiff as to the character of Gardner's possession. *Ellen* v. *Ellen*, 16 S. C., 135; *Metz* v. *Metz*, 48 S. C., 486. The judgment of the Circuit Court is affirmed.