18765

Ex parte A. T. CUMBIE, Jr., Petitioner-Respondent, v. Hardin NEW-BERRY and Winnie P. Jones, Clerk of Court, Williamsburg County, South Carolina, Respondents-Appellants. In re A. T. CUM-BIE, Jr., Plaintiff, v. George CUMBIE, Ellen Cumbie Newberry, Juanita Cannon Cumbie, Johnny Raymond Cumbie, Juanita Cumbie, Bernice Enter Strong, Frank C. Enter and Minor Defendants over the age of fourteen (14) years, Oscar Bernard Cumbie, Dan Rhett Cumbie, Frannie Cumbie, and the Minor Defendant under the age of fourteen (14) years, Annette Cumbie, Defendants.

(159 S. E. (2d) 915)

*Messrs. Connor & Connor,* of Kingstree, *for Respondents-Appellants,*

*T. Kenneth Summerford, Esq.,* of Florence *for Petitioner-Respondent,*

February 28, 1968.

LEWIS, Justice.

This case concerns the validity of a judicial sale of a tract of land located in Williamsburg County. Other issues in the case were before us in a prior appeal. 245 S. C. 107, 139 S. E. (2d) 477.

A. T. Cumbie, Jr., a resident of Florence County, heretofore instituted an action in Williamsburg County against George Cumbie *et al.* for the partition of two tracts of land, one containing 50 acres and the other 15.1 acres. This appeal is only concerned with the smaller tract. During the progress of the litigation, the parties agreed that the 15.1 acre tract should be sold and the proceeds held until the further order of the court. The court accordingly issued a consent order under date of September 3, 1963 for the sale of this parcel.

The order of sale provided that the land be "advertised in the County Herald, a newspaper published in the County of Williamsburg, State of South Carolina, in the manner as prescribed by law, and that said property be sold at public auction * * * on the Legal Sales Day in October, 1963, by the Clerk of Court for Williamsburg County, or upon some subsequent and convenient Sales Day thereafter during the usual hours of public sale, for cash." Other provisions of the order required that the successful bidder at the sale deposit 5% of his bid with the clerk of court as evidence of good faith and "that if the successful bidder shall fail to comply with the terms of his bid at the time of said bid, the premises shall immediately be resold at such bidder's risk on the same sales day, or at some subsequent sales day as the clerk of court may find convenient and advantageous; should the highest bidder fail to comply with the terms of his bid within 10 days after the acceptance of said bid, said premises shall be readvertised and resold on the same terms at the purchaser's risk at some subsequent sales day." Upon full compliance with the terms of the sale, the clerk was authorized to execute to the purchaser a fee simple title to the property.

In due course the property was advertised and offered for sale by the clerk of court on October 7, 1963 in accordance with the foregoing order. It was bid in for the sum of $1,-100.00 by one T. J. Appleby who immediately deposited 5% of his bid with the clerk. After making the deposit, Appleby had ten days under the terms of the order within which to fully comply with his bid. However, he failed to comply and the clerk refunded to him the deposit which he had made at the time of sale. (Questions concerning the liability of Appleby and the authority of the clerk to refund the deposit to him are not involved in this appeal.)

Following the failure of Appleby to comply with his bid, the property was duly readvertised as provided in the order of sale and resold at public auction on February 3, 1964. Admittedly, personal notice of default of the original bidder and of the resale was not given to the parties to the original action. The land was bid in at the resale by the attorney for appellant Hardin Newberry, husband of one of the parties to the original action, for the sum of $700.00. This amount was promptly paid and the clerk issued to Newberry a deed for the property on February 3, 1964, under which Newberry had been in possession since that time.

On June 19, 1967, approximately three years after the sale to Newberry, the respondent A. T. Cumbie, Jr., plaintiff in the original action, instituted this proceeding, by petition in the original cause, seeking to have the sale and deed to Newberry set aside and the property resold, upon the ground that the clerk had no authority to offer the property in question for resale without giving personal notice to the parties to the original action. Respondent contended that he had no opportunity to be present and protect his interests at the bidding since personal notice of the sale was not given to him and, being a resident of another county, he did not see the advertisement of the resale which appeared in a newspaper published in Williamsburg County. The lower court sustained respondent's position and set aside the sale and deed to appellant Newberry.

The sole question to be decided in this appeal is whether the deed or title obtained by appellant Newberry, the purchaser at the resale of the property, should be set aside because respondent, a party to the action, was not given actual notice of the resale.

A sound public policy requires that the validity of judicial sales be upheld, if in reason and justice it can be done. In the furtherance of this principle, our decisions have applied the general rule, applicable here, that a purchaser in good faith at a judicial sale is not affected by irregularities in the proceedings or even error in the judgment, under which the sale is made; but is required at his peril only to make inquiry as to the jurisdiction of the court which ordered the sale, and whether all proper parties were before the court when the order was made. *Wingard v. Hennessee,* 206 S. C. 159, 33 S. E. (2d) 390; *Brownlee v. Miller,* 208 S. C. 252, 37 S. E. (2d) 658; *Bennett v. Floyd,* 237 S. C. 64, 115 S. E. (2d) 659.

Under the present record, appellant was a purchaser in good faith. It is undisputed that the court which issued the order of sale had jurisdiction and that all proper parties were before the court. Under these circumstances appellant obtained good title to the property.

There is no merit in respondent's contention that the validity of appellant's title was affected by the failure to give personal notice of the resale to the parties to the action. The authority of the clerk to sell the property was derived from the order of sale. It was a public document and all parties were charged with notice of its terms. The order provided for a sale of the property by the clerk and for a resale by him if the successful bidder at the first sale failed to comply with his bid within ten days after its acceptance. It is undisputed that the property was sold at the first sale to the highest bidder after proper advertisement; that his bid was accepted upon payment of the required deposit; and that he failed to comply with his bid within ten days thereafter. Under these facts, since the

order of sale specifically directed a resale of the property by the clerk in the event the successful bidder failed to comply with his bid, the clerk was authorized to resell the property without a further or new order of the court.

The record also shows that every required notice was given of the resale of the property. There was no provision of the order or of statute requiring personal notice of the sale or resale to be given to the parties to the action. The same notice was given of the resale as was given of the original sale. This was in accord with the requirements of the order of the court. Since the record showed that the notice required by the order and statutes had been given, any lack of knowledge by, or other notice to, a party to the action could not adversely affect a purchaser in good faith.

The judgment of the lower court is accordingly reversed and the case remanded for entry of judgment in favor of appellant, Hardin Newberry.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.