2209

Rita L. GOETHE, as Executrix of the Estate of William H. Goethe, Respondent v. R. Frank CLELAND, Appellant.

(448 S.E. (2d) 574)

Court of Appeals

*R. Thayer Rivers, Jr.,* Ridgeland, *for appellant.*

*Gary D. Brown,* Ridgeland, *for respondent.*

Heard Apr. 13, 1994.

Decided July 25, 1994.

SHAW, Judge:

R. Frank Cleland appeals from an order of the special referee setting aside a mortgage foreclosure sale, amending the decree to reflect a deficiency judgment for Rita Goethe, and awarding Goethe attorney fees equal to ten percent of the outstanding indebtedness. We affirm.

Rita Goethe, as Executrix of the estate of William Goethe, brought an action against R. Frank Cleland to foreclose a second mortgage Goethe held on property Cleland owned, and demanded a deficiency judgment. Cleland did not file a responsive pleading. The matter was referred to a special referee with finality and direct appeal to the Supreme Court. The referee held a hearing and issued an order requiring the property to be sold and awarded a 10% attorney fee to Goethe. The order awarded Goethe a deficiency judgment, but

erroneously provided "bidding will not remain open after the date of sale, but compliance with the bid may be made immediately." On July 28, 1992, Cleland filed his notice of intent to appeal which was dismissed by the Supreme Court on October 15, 1992, pursuant to Cleland's request.

The Clerk of Court advertised the property in accordance with the referee's order. On August 3, 1992, the property was auctioned; however, the Clerk of Court almost immediately realized the bid could not be accepted under the erroneous report and returned it to the bidder.

On August 12, 1992, the referee issued an amended order directing the property be sold "after due advertisement required by law." This order recognized the previous order's error and provided that the bidding would remain open for thirty days because a deficiency judgment was demanded. Apparently, neither Cleland nor his attorney received notice that the referee intended to amend the order.

On August 28, 1992, Cleland's attorney moved for the referee to set aside the amended order on several grounds. Goethe's attorney filed an affidavit by his secretary that the immediate bid compliance order, providing that the bid would not remain open, was a typographical error. The referee issued a second amended order on June 11, 1993 denying Cleland's motion and required the property to be sold again providing for a deficiency judgment. In this order, the referee stated the language in the August 12, 1992 order was corrected by the Amended Referee's Report and Judgment of Foreclosure and Sale, to allow for the thirty-day upset bid period provided in Section 15-39-720, Code of Laws of South Carolina. The referee pointed out that the language was erroneous in the original Referee's Report. The referee noted there was no surprise to Cleland. The referee also noted that, after the sale, the Clerk immediately noticed the mistake and returned the bid to the successful purchaser. The referee stated, "By the time the motion of August 28, 1992 had been filed, the August 3, 1992 sale was long negated by the Clerk."

On appeal, Cleland argues the referee erred in amending the order and canceling the sale without notice to Cleland and an opportunity to be heard. Cleland also claims the erroneously advertised sale relieved him of any deficiency. At oral argument, he further asserted his July 28,

1992 notice of appeal divested the special referee of jurisdiction. We disagree.

Rule 60(a), SCRCP provides in part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

*See* also *Jacobs v. Service Merchandise Co., Inc.*, 297 S.C. 123, 375 S.E. (2d) 1 (Ct. App. 1988) (the trial court retains jurisdiction to correct clerical errors prior to the docketing of the appeal). The issue is whether the amendment in this case was merely a correction of a clerical error. Under the facts of this case we hold it was, and that under Rule 60 the referee was not required to give Cleland notice prior to correcting the error.

Rule 71(b), SCRCP, provides, in part:

> **Judgment and Sale on Foreclosure.** . . . The judgment shall . . . specify the amount of good faith deposit necessary at the time of the sale, and the date that compliance must be made. . . . *Unless the pleadings state that no personal or deficiency judgment is demanded or any right to such judgment is expressly waived in writing, the bidding shall not be closed upon the day of sale but shall remain open until the thirtieth day after such sale* exclusive of the day of the sale. The manner and conduct of the bidding when a deficiency has been demanded shall be as required by law. (Emphasis added).

S.C. Code Ann. § 15-39-720 (1976) provides the bidding in foreclosure sales must remain open for thirty days to allow for upset bids. S.C. Code Ann. § 15-39-760 (1976) provides the provisions of Section 15-39-720 do not apply to foreclosure actions if the complaint states no personal or deficiency judgment is demanded, and any right to such judgment is expressly waived. The statute adds:

But in any such case the sales officer shall state in the advertisement of sale that no personal or deficiency judgment is demanded and that the bidding will not remain open after the sale but that compliance with the bid may be made immediately.

In *Perpetual Bldg. & Loan Ass'n v. Braun,* 270 S.C. 338, 242 S.E. (2d) 407 (1978), the Supreme Court held that the language of § 15-39-760 indicates the legislature's intention to deny a deficiency judgment only when such has been expressly waived. Thus, § 15-39-720, § 15-39-760 and Rule 71(b) unambiguously required the bidding to remain open for thirty days unless the plaintiff expressly waived the deficiency. There is no evidence that Goethe waived the deficiency; in fact, the record only supports the opposite conclusion. Goethe demanded a deficiency judgment in her complaint. Her daughter testified on direct examination that her mother was seeking a deficiency judgment and that she wanted the referee to foreclose the equity of redemption after the 30 days had run "for him to buy it back." In cross-examining Goethe's daughter, Cleland's attorney asked the following question:

Q: Okay. Uhm—now as Mr. Brown (Goethe's lawyer) asked you, y'all are requesting a deficiency judgment in this matter, and under [sic] that the Court if [sic] goes to this would order the property sold on the Courthouse steps and after an initial sale date the bidding has to remain open for a period of thirty days, during which time anybody else can make a [sic] another bid if they want to, other than whoever was the high bidder. And then at the end of that time the sale is finalized. And whatever difference there is between what the Court determines y'all are owed and what the sales price brings is a deficiency judgment. Do you understand that?
A: Yes.

Hence, it is abundantly clear that both Cleland and his attorney were well aware that Goethe was seeking a deficiency judgment and that the bidding was to remain open for thirty days to allow upset bids. We hold the error was clerical in nature and the special referee therefore retained jurisdiction to correct the error. We further hold the referee correctly set

aside the erroneous order and properly amended his judgment to reflect a deficiency judgment for Goethe and the appropriate bidding procedure when a deficiency judgment is granted.

Cleland also argues the purchaser at the first sale was a bona fide purchaser for value, so that the referee should not have upset that sale. He claims under *Cumbie v. Newberry*, 251 S.C. 33, 159 S.E. (2d) 915 (1968), the purchaser, Housey, was a bona fide purchaser for value and that the judicial sale to Housey should not be set aside. We disagree.

*Cumbie* is easily distinguishable. In the case before us, the Clerk discovered the error in the order prior to Housey's compliance with the bid and, consequently, never issued a deed to Housey. Thus, the judicial sale was never completed and the proceedings were still subject to attack. *See* S.C. Code Ann. § 15-39-870 (1976) ("Upon the execution and delivery by the proper officer of the court of a deed for any property sold at a judicial sale ... the proceedings under which such sale is made shall be deemed res judicata as to any and all bona fide purchasers for value without notice. . . ."). Furthermore, under *Cumbie,* Housey was charged with notice of the terms of the judgment, which clearly provided that Goethe sought and obtained a deficiency judgment. Housey was also charged with knowledge of the proper procedure when a deficiency is not waived, that is, that the bidding was to remain open for thirty days to allow upset bids. *See Labruce v. City of North Charleston,* 268 S.C. 465, 234 S.E. (2d) 866 (1977) (citizens are charged with knowledge of existing law); *Ex parte Wessinger,* 235 S.C. 239, 111 S.E. (2d) 13 (1959) (persons are charged with knowledge of statutes). Hence, Housey could not be a bona fide purchaser "without notice" of the irregularity of the proceedings. Finally, we fail to see any prejudice to Cleland in the property being re-advertised and resold. Accordingly, we find this issue is without merit.

Cleland finally argues the referee erred in awarding attorney fees equal to ten percent of the outstanding indebtedness. We disagree.

In all three versions of his judgment, the referee discussed the six factors relevant to a determination of fees, and made findings in support of each factor. Goethe's counsel submitted

an affidavit in support of fees, requesting ten percent of the outstanding balance. The referee found this to be fair and reasonable and awarded $3,986. We find the order complies with *Blumberg v. Nealco, Inc.,* — S.C. —, 427 S.E. (2d) 659 (1993) (when an award of attorney fees is requested and authorized by statute, the court should make specific findings of fact on the record for each factor; the court will not be reversed for failing to do so, however, if there is sufficient evidentiary support on the record for each factor). Hence, we find no error in the fee awarded.

Accordingly, the judgment is

Affirmed.

LITTLEJOHN, Acting Judge, concurs.

CURETON, J., concurring in separate opinion.

CURETON, Judge (concurring):

I concur with the result reached by the majority. I agree, however, with Cleland's claim that the August 12, 1992 amended Order is void for lack of jurisdiction by the special referee.

Rule 60(a) SCRCP provides that a clerical error may be corrected by the trial court during the pendency of an appeal *only* with leave of the appellate court. The August 12th, 1992 Order was issued during the pendency of an appeal to the Supreme Court and is therefore void.[1] I would, nevertheless, hold that Cleland is not prejudiced by the issuance of the August 12th Order inasmuch as the special referee issued a second amended Order on June 11, 1993 which reconfirmed the August 12th, 1992 Order. The June 11, 1993 Order was issued after the appeal had been dismissed and the trial court had again assumed jurisdiction. Moreover, the June 11 Order was issued after notice to Cleland. For the foregoing reasons, I think the result reached by the majority is correct.

---

[1] The case was on appeal from July 28, 1992 to October 15, 1992.