575 S.E.2d 561

**Ex parte Louie E. MOORE, formerly doing business as Fairfield Real Estate Company, Inc., Respondent,**

and

**Britt Rowe, Purchaser, and Community Federal Savings & Loan Association, Defendants,**

**of whom Britt Rowe is Petitioner,**

and

**Community Federal Savings & Loan Association is Respondent.**

**In re Jerry W. Branham, Plaintiff,**

v.

**Fairfield Real Estate Company, Inc., Theophilus L. Davis, Peggy K. Branham, Betty Portee, Abraham Khalil, The Bank of Ridgeway, and Community Federal Savings & Loan Association, Defendants.**

No. 25578.

Supreme Court of South Carolina.

Submitted Dec. 6, 2002.

Decided Jan. 13, 2003.

Walter B. Todd, Jr., and J. Derrick Jackson, both of Todd Holloway & Ward, P.C., of Columbia, for Petitioner.

Leonard R. Jordan, Jr., of Berry Quackenbush & Stuart, P.A., of Columbia, for Respondent, Louie E. Moore.

Robert E. Stepp, and Laura W. Robinson, both of Sowell, Gray, Stepp & Laffitte, L.L.C., of Columbia, for Respondent, Community Federal Savings & Loan Association.

PER CURIAM.

This case involves a dispute over the results of a mortgage foreclosure sale. Fairfield Real Estate Company, Inc. (Fairfield), of which respondent Louie E. Moore (Moore) was the president and sole shareholder, executed and delivered several promissory notes to plaintiff Jerry Branham and respondent Community Federal Savings and Loan Association (Community), secured by mortgages on Fairfield's real estate. Fairfield defaulted on these mortgages, and Branham brought the underlying foreclose action.

The foreclosure action was referred to a Special Referee who found that Community's liens had first priority and Branham had second priority. The Special Referee ordered the property sold at public auction and issued an order of foreclosure requiring the successful bidder to post a deposit of five-percent of the successful bid.

At the public auction, Moore was the highest bidder, bidding $96,000 for the property. However, Moore was unable to immediately post the five-percent deposit, and the Special Referee reopened the sale. Petitioner was the highest bidder at the second sale, bidding $84,100. Petitioner was allowed fifteen minutes to post his deposit. Petitioner posted the bond, and the sale was concluded.

Moore filed an Objection to the Confirmation of the Second Foreclosure Sale and a Motion to Confirm the Initial Sale. The Master–in–Equity denied the motions and found that the Special Referee conducting the sale acted appropriately in requiring Moore to post a deposit within minutes of the sale and that, upon Moore's failure to do so, conducting a second sale.

The Court of Appeals reversed, holding that a purchaser at a foreclosure sale has until 5:00 p.m. on the sale day to tender the deposit unless the order of the court and the notice of the sale specifically provide for a different payment time. The Court of Appeals found that the Special Referee impermissibly amended the court order and notice of sale by requiring immediate payment of the deposit and, therefore, the second sale to petitioner should be set aside. *Ex parte Moore,* 346 S.C. 274, 550 S.E.2d 877 (Ct.App.2001).

We granted certiorari to review the Court of Appeals' opinion and now reverse the Court of Appeals.

The terms and conditions of a judicial sale are controlled by court order, Rule 71, SCRCP, and statute. *See* S.C.Code Ann. 15–39–660 (1977) (requirements of the notice of sale); Rule 71(b), SCRCP (requirements for the court order); *Ex parte Keller,* 185 S.C. 283, 194 S.E. 15 (1937) (the court order sets the terms of the sale). Further, although selling officers may not alter the terms of the court order, they are given wide discretion in the manner in which they conduct

judicial sales. *Ex parte Keller, supra.* The Court of Appeals' bright-line 5:00 p.m. rule creates a condition not imposed by statute and conflicts with established case law granting selling officers broad discretion in conducting judicial sales. Accordingly, we reverse the decision of the Court of Appeals.

The parties have notified the Court that they have reached a settlement agreement under which petitioner will receive title to the land. The parties ask the Court to accept the agreement and vacate the Court of Appeals' opinion.

In light of our holding, we deny the request to vacate the Court of Appeals' opinion. However, we grant the remainder of the parties' motion to approve the settlement agreement without prejudice to the parties' right to petition the Court for rehearing in this matter.

**REVERSED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.