THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Case No.: 2002-CP-46-127
Bank of America, N.A., f/k/a NationsBank, N.A.,       
Respondent,
 
 
 

v.

 
 
 
Brian K. Wells, The Allen Tate Company, Inc., Leeds Building Products, Inc., Charlotte Hardwood Center, Inc., and States Resources Corp.,       
Defendants,
Of Whom Brian K. Wells is the       
Appellant.Appellant.
 
Case No.: 2002-CP-46-1803
Brian K. Wells and J. Scott Wells,       
Appellants,
 
 
 

v.

 
 
 
Bank of America, N.A., Allen Tate Company, Inc., Leeds Building Products, Inc., The Hardwood Group, Inc., f/k/a Charlotte Hardwood Center, Inc., States Resources Corp., Walter G. Matthews, Carol A. Matthews, and John Doe,       
Defendants,
Of Whom Bank of America, N.A, States Resources Corp., and Walter G. Matthews and Carol A. Matthews are the       
Respondents.
 
 
 

Appeal From York County
John Buford Grier, Master-in-Equity

Unpublished Opinion No. 2005-UP-279
Heard January 13, 2005  Filed April 20, 2005

AFFIRMED

 
 
 
John Martin Foster, of Rock Hill, for Appellant.
Cari V. Hicks, Earle G. Prevost, of Greenville, Charles S. Bradford, of York and Michael E.
Kozlarek, of Columbia, for Respondents.
 
 
 

PER CURIAM:  This case relates to the foreclosure sale of certain real property.  Owner Brian K. Wells and his brother J. Scott Wells appeal from an order of the master-in-equity denying Brians motion for relief from the judgment and dismissing Brian and Scotts independent action in equity.  We affirm.
FACTS
Brian owned a parcel of real property in York County worth approximately $135,000.[1]  On March 12, 1998,[2] Brian executed a note and mortgage in the amount of $46,662 against the property in favor of NationsBank, which is now Bank of America.   
Brian defaulted on the mortgage and Bank of America brought a foreclosure action in 2002.  Brian failed to answer or otherwise plead.  Bank of America sent Brian notice of the foreclosure hearing, but he failed to appear.  Brian has admitted that he knew of both the foreclosure and the hearing.  The master entered a decree of foreclosure on May 16, 2002, and the decree was served upon Brian.  Brian did not appeal from this decree. 
The decree directed that the property be sold at a public sale on July 1, 2002.  Because Bank of America also sought a deficiency judgment, the decree provided, in relevant part, as follows:

Because a personal deficiency judgment has been sought, the sale will not be final as of the closing of bidding on sales day but will remain open for thirty (30) days for upset bids.  Plaintiff reserves the right to waive its right to a deficiency, which deficiency waiver may be in writing prior to the sale.  

The Notice of Sale was advertised in The Herald for three consecutive weeks and provided, in relevant part, as follows:

Since a deficiency judgment is being sought, bidding will not be final as of sales day but will remain open for 30 days for upset bids.  The plaintiff reserves the right to waive deficiency up to and including the date of the sale.  

On June 28, 2002, the Friday before the Monday on which the public sale was scheduled, Bank of America waived its right to a deficiency judgment by a letter to the master.  Brian was not sent a copy of this letter.    
Brian did not attend the July 1, 2002 public sale.  At the sale, the master announced that the deficiency had been waived, so the sale would be final at the close of the bidding.  Walter G. Matthews and Carol A. Matthews were the successful bidders and bought the property for $52,100.48.  The Matthews were given a Masters Deed for the property and asserted control over the property by evicting Brian.  
Brian subsequently filed a motion under Rule 60(b), SCRCP, for relief from the judgment.  Brian and Scott also filed a separate action in equity to collaterally attack the judgment and sale.  Scott alleged that he was a creditor of Brian and that Brians lost ability to bid on the property deprived Brian of the funds to repay him.  After a hearing, the master issued an order reaffirming the sale and ratifying the deed to the Matthews.   
Brian and Scott filed a motion to alter or amend the judgment which was denied.  This appeal followed.
STANDARD OF REVIEW
Motions for relief under Rule 60(b) are within the masters discretion, and will not be reversed absent an abuse of discretion.  Hillman v. Pinion, 347 S.C. 253, 255-56, 554 S.E.2d 427, 429 (Ct. App. 2001).  An abuse of discretion occurs when the masters order is controlled by an error of law or is without evidentiary support.  Id.  
LAW/ANALYSIS
I. Rule 60(b) Motion
Brian[3] argues that the master should have granted his motion for relief from judgment because the judgment was the result of excusable neglect and the judgment was void.  We disagree.  
In determining whether to grant a motion under Rule 60(b), the trial judge should consider: (1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other party.  Mictronics, Inc. v. South Carolina Dept of Revenue, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001).  Brian seeks relief based upon two grounds: (1) excusable neglect or mistake; and (2) that the judgment is void. 
A. Excusable Neglect
Brian initially argues that he did not know that Bank of America had waived its right to seek a deficiency judgment because he was never served with the notice.  Thus, he argues, he was prejudiced because he had no notice the sale would be final, denying both Brian and Scott the opportunity to place upset bids thirty days after the sale.  
Pursuant to Rule 60(b)(1), SCRCP, a court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.  Rule 60(b)(1), SCRCP.  However, a party may not invoke Rule 60(b) as a substitute for an appeal from a final judgment, particularly when the issue could have been litigated at trial and on appeal.  Tench v. South Carolina Dept of Educ., 347 S.C. 117, 121, 553 S.E.2d 451, 453 (2001).  Instead, Rule 60(b) is an appropriate remedy for good faith mistakes of fact if all other applicable factors are met.  Hillman, 347 S.C. at 256, 554 S.E.2d at 429.  This rule generally may not be used as a vehicle for relief from mistakes of law.  Id.  Failure to understand the legal process does not constitute excusable neglect under Rule 60(b).  Hill v. Dotts, 345 S.C. 304, 310, 547 S.E.2d 894, 897 (Ct. App. 2001).  
Brian knew that his property was to be sold on July 1, 2002, and he failed to take any action in that regard.  He essentially argues that he would have taken some action to protect himself if he had known what the post-foreclosure sale procedures would have been.  As will be discussed in more detail below, Rule 71(b), SCRCP, allows a creditor to waive the right to a deficiency judgment in writing at any time prior to the sale.  Thus, Bank of America acted within its authority to waive a deficiency judgment.  Brians decision not to protect his rights through appearance and his misunderstanding regarding what would happen after the foreclosure sale did not rise to the level of mistake or excusable neglect.  His actions, instead, amounted to a mistake of law and relief was not available under Rule 60(b), SCRCP.  We find no abuse of discretion in the masters decision to deny relief pursuant to Rule 60(b) in this regard.
B. Void Judgment
Brian next contests the propriety of the foreclosure sale itself, arguing that the decree, as administered through the subsequent sale, failed to meet the requirements imposed by law because he was not given due process.    We address the many arguments in support of Brians claim separately.
1. Decree
Brian essentially argues that the original foreclosure decree was void because it was somehow altered by the procedures of the subsequent sale.  
Rule 60(b)(4), SCRCP, provides that a party may seek relief from judgment where the judgment is void.  However, the definition of void for Rule 60(b)(4) purposes only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction.  McDaniel v. U.S. Fid. & Guar. Co., 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996).  A judgment is not rendered void by irregularities which do not involve jurisdiction.  Universal Benefits, Inc. v. McKinney, 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct. App. 2002).   
Brian has not offered anything tending to show that the decree of foreclosure was invalid.  Brian admits that he had notice of the foreclosure action, the hearing, and the decree.  He concedes that he did not appear in the foreclosure action prior to the entry of judgment and that he did not appeal the decree.  The evidence in the record shows that due process was given to Brian prior to entry of the decree, and Brian does not challenge the masters subject matter jurisdiction over the foreclosure action.  Thus, nothing in the record indicates that the decree was a void judgment.  Therefore, Brians only challenge to the decree would have been pursuant to an appeal.  Because he failed to appeal from the decree, the validity of the decree is the law of the case and Brian has waived any right to challenge it. 
2. Foreclosure Sale Violated Due Process
Brian argues the foreclosure sale was void because the lack of notice regarding the withdrawal of the waiver of deficiency amounted to a lack of due process.    
Procedural due process requires notice, the opportunity to be heard in a meaningful way, and judicial review.  Blanton v. Stathos, 351 S.C. 534, 542, 570 S.E.2d 565, 569 (Ct. App. 2002).  However, there is no requirement of law that parties to a suit for foreclosure be given personal notice of a judicial sale.  Peoples Fed. Sav. & Loan Assoc. v. Graham, 291 S.C. 178, 182, 352 S.E.2d 511, 514 (Ct. App. 1987).  All that is required is that the requirements of law for public notice of judicial sales are met.  Id.  
Due process requirements were met in this case.  Brian does not dispute that he received notice of the hearing and the decree.  The sale was properly advertised.  He was not entitled to personal notice of the sale.  If he had attended the sale, he would have heard the announcement that the deficiency had been waived.  Nor was Brian entitled to personal notice of the waiver.  No statute or rule imposes such a requirement, and this court is not empowered to append additional requirements to the statutory scheme.  See Ex parte Moore, 352 S.C. 508, 511, 575 S.E.2d 561, 562 (2003) (noting that the terms of a judicial sale are controlled by court order, Rule 71, SCRCP, and statute, and finding the imposition of a bright-line 5:00 p.m. deadline on judicial sales was not allowed by statute and should be reversed). 
Scott also claims that his due process rights were violated by the same actions.  He claims that he lost the right to redeem the property at its true value and to, consequently, reduce the debt owed to him by Brian.   
Scott was not a party to the foreclosure action.  Instead, he requested to have the Rule 60(b) motion treated as an independent action in equity.  A party is not bound by the label he puts on his paper.  A motion may be treated as an independent action or vice versa as is appropriate.  11 Fed. Prac. & Proc. Civ.2d § 2868 (1995).  However, Scotts argument fails because he has no protected interest in the subject property.  
To have a property interest triggering due process protection, a person must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law.  Sunset Cay, LLC v. City of Folly Beach, 357 S.C. 414, 430, 593 S.E.2d 462, 470 (2004).  Although the record indicates that Scott was the prior owner of the underlying property and conveyed it to Brian, the record does not indicate any terms of the conveyance, including any debt owed by Brian.  Even assuming Scott was Brians creditor, there is no evidence that Scott had any security interest in the property, or any other interest justifying his inclusion in this proceeding.  Therefore, Scott lacks standing to challenge the validity of this foreclosure sale through Rule 60(b).  Further, in spite of his lack of standing, Scott received notice of the sale through the advertisement and had the opportunity to bid on the property at that time.  
3. Application of Rule 71(b)
Brian argues that the waiver should not have changed the statutory requirement that bidding remain open for thirty days after the sale.  He asserts that the master erred in relying upon Rule 71(b) instead of the statutes regarding the procedures at a judicial sale. 
The terms and conditions of a judicial sale are controlled by court order, Rule 71, SCRCP, and statute.  Ex parte Moore, 352 S.C. at 510, 575 S.E.2d at 562.  The General Assembly provided by statute that in foreclosure sales the bidding must remain open for thirty days after the sale for upset bids.  S.C. Code Ann. § 15-39-720 (2005).  However, when the creditors complaint states that he is waiving right to a deficiency judgment, the thirty-day requirement does not apply.  S.C. Code Ann. § 15-39-760 (2005).  When this occurs, the notice of sale must state that no deficiency judgment has been demanded and therefore the sale will be final as of the date of the foreclosure sale.  Id.  
Rule 71 of the South Carolina Rules of Civil Procedure also addresses the procedure for foreclosure sales.  Subsection (b) of that rule provides, in relevant part, as follows:  

Unless the pleadings state that no personal or deficiency judgment is demanded or any right to such judgment is expressly waived in writing, the bidding shall not be closed upon the day of sale but shall remain open until the thirtieth day after such sale exclusive of the day of the sale.

Rule 71(b), SCRCP (emphasis added).  The enabling legislation for the Rules of Civil Procedure contains a statement of legislative intent that in the event of a conflict between a rule and a procedural statute, the rules should control.  Act No. 100 § 3, 1985 S.C. Acts 277. 
Although the statutes appear to require notice of the waiver in the complaint and notice of sale, Rule 71(b) allows waiver to be made in writing and contains no time requirement.  In fact, case law prior to the adoption of Rule 71 contemplated that the choice of whether to seek a deficiency judgment need not be made in the complaint.  See e.g. Perpetual Bldg. & Loan Assn of Anderson v. Braun, 270 S.C. 338, 339-40, 242 S.E.2d 407, 407-08 (1978) (holding that the right to seek deficiency judgment is incidental to the mortgage foreclosure and that the language of section 15-39-760 indicates the General Assemblys intent to deny a deficiency judgment only when it has been expressly waived).  Because the right to seek a deficiency judgment belongs to the creditor, so does the right to waive a deficiency.  We do not interpret the statutes as forbidding a creditor to later waive its right to a deficiency if it is not originally done in the pleadings.  Thus, allowing a party to waive the right to a deficiency at any time prior to the sale pursuant to Rule 71(b), SCRCP, does not conflict with the statutory procedures regarding foreclosure sales. 
Although Bank of America prayed for a deficiency judgment in the original foreclosure complaint, Bank of America notified the master in writing that it wanted to waive its right to deficiency prior to the sale.  Both the decree and the notice of sale provided notice that Bank of America was reserving its right to waive its claim for a deficiency up to the time of sale.  All parties involved in this matter and the general public were on notice of the possibility that the foreclosure sale could be final the day of sale if the bank waived its right to a deficiency.  Because Bank of America properly notified the master in writing of its waiver of deficiency, the thirty-day requirement did not apply, and the master properly found that the sale was final.
4. Disparity Between Notice of Sale and the Decree
Brian argues that the sale was invalid because the language of the notice of sale varied from the language in the decree.  As set forth above, both documents contained language providing for the possibility of a waiver prior to the sale.  The decree stated that Bank of America could waive its right to a deficiency in writing prior to the sale.  However, the notice stated that the bank could waive the deficiency up to and including the date of the sale.    
Because we find that Rule 71(b) allows a waiver of deficiency to be made in writing at any time prior to the sale, we find the difference to be immaterial.  The inclusion of language providing notice of the possibility of a waiver was consistent with the statutory framework and with Rule 71(b).  The master did not abuse his discretion in finding that the difference between prior to the sale and up to and including the date of the sale did not result in a lack of notice to Brian or materially prejudice him. 
In summary, we hold that the master did not abuse his discretion in denying the Rule 60(b) motion because Brian cannot meet the standard provided in Mictronics, Inc. v. S.C. Dept of Revenue, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001).  Although he promptly sought relief, he has no explanation for the failure to appeal from the decree.  The foreclosure sale is not void for lack of due process.  Further, the sale is not void due to the timing of the written waiver of deficiency or because the notice of sale language regarding the reservation of the right to waive deficiency was worded differently than from the decree.  
IV. Equitable Claims
Brian and Scott argue that their independent action in equity was the proper procedure for Scott, as a non-party to the initial judgment, to challenge the foreclosure sale.  They argue that the master erred in denying the independent action in equity because the underlying judgment was the result of mistake.  Finally, they assert the master erred in finding the equities favored the Matthews as bona fide purchasers.  Although we agree that an independent action in equity is the proper method for a non-party to challenge a judgment, we find that the Wells independent action lacked merit.  We agree with the master that the Matthews are bona fide purchasers.
A. Mistake as Grounds for Independent Action in Equity
The ability to seek relief from judgment due to mistake, inadvertence, or excusable neglect pursuant to Rule 60(b) does not limit a courts power to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.  Rule 60(b), SCRCP.  An independent action in equity is also the proper vehicle through which a non-party to the original action may challenge the prior judgment.  First Carolinas Joint Stock Land Bank of Columbia v. Knotts, 191 S.C. 384, 401-02, 1 S.E.2d 797, 805 (1939) (noting that it was appropriate for the bank to bring an independent action in equity to test the propriety of judgments in actions to which it was not a party).  A judgment of a court of competent jurisdiction is conclusive as to parties to the action and those in privity and may not be set aside by evidence that it was irregular or improperly obtained.  Knotts, 191 S.C. at 401-02, 1 S.E.2d at 805.  Moreover, a judgment normally may not be impeached in a separate action unless there is evidence of fraud, collusion, or want of jurisdiction.  Id.   
We do not dispute that a non-party, such as Scott, is entitled to bring an independent action in equity to challenge a judgment.  However, we find no merit to Scotts argument on appeal that he was entitled to relief from the judgment due to mistake.  Scotts argument in support of this issue on appeal is that mistake was alleged in Brians motion for relief from judgment pursuant to Rule 60(b), SCRCP, and the same reasons apply equally to Scotts claim.  However, Brians arguments rely upon excusable neglect and Scott does not specify what mistake entitled him to relief.   
To the extent that Scott attempts to argue that the lack of notice of the written waiver of deficiency caused him prejudice, we find the master did not err in denying his independent action for relief from the judgment.  As previously discussed, Bank of Americas decision to waive its right to a deficiency judgment prior to the foreclosure sale did not violate statutory law and was made pursuant to procedural rules.  Further notice was given at the foreclosure sale that it would be final.  Scotts failure to appear at the foreclosure sale to place a bid on the property because he mistakenly believed that he would have thirty days after the sale in which to place an upset bid does not amount to a mistake entitling him to relief. 
B. Balancing the Equities
Brian asserts the master erred in finding the Matthews, as purchasers, were entitled to greater protection under equity.  Citing Goethe v. Cleland, 323 S.C. 50, 448 S.E.2d 574 (Ct. App. 1994), he argues that the improprieties in handling the sale invalidated the purchasers title.
With regard to innocent purchasers, the South Carolina Code provides as follows:

Upon the execution and delivery by the proper officer of the court of a deed for any property sold at a judicial sale under a decree of a court of competent jurisdiction the proceedings under which such sale is made shall be deemed res judicata as to any and all bona fide purchasers for value without notice, notwithstanding such sale may not subsequently be confirmed by the court.  

S.C. Code Ann. § 15-39-870 (2005).  Generally, public policy requires that the validity of judicial sales be upheld, if in reason and justice it can be done.  Cumbie v. Newberry, 251 S.C. 33, 37, 159 S.E.2d 915, 917 (1968).  Thus, generally, a purchaser in good faith at a judicial sale is not affected by irregularities in the proceedings or even error in the judgment, so long as the purchaser made inquiry into the jurisdiction of the court ordering the sale and whether all the proper parties were before the court when the order was made.  Id.  Thus, while a bona fide purchaser may not have knowledge of irregularities in the procedures, a bona fide purchaser is charged with knowledge of the terms of the judgment.  Goethe, 323 S.C. at 55, 448 S.E.2d at 576.  
In Goethe, the creditor requested a deficiency judgment in the foreclosure pleadings.  However, the order erroneously provided that the sale would be final as of the date of the sale, in violation of the requirement that bidding remain open for thirty days for upset bids.  Goethe 323 S.C. at 52, 448 S.E.2d at 575.  The property was auctioned under the erroneous order, but the Clerk of Court discovered the error before the buyer could comply with the bid.  Consequently, no deed was ever issued.  Id. at 55, 448 S.E.2d at 576.  This court affirmed the circuit courts decision to set aside the sale, noting that the purchaser was not a bona fide purchaser for value without notice of the irregularity of the proceedings because: the sale was never completed; the purchaser was charged with notice of the terms of the judgment indicating that the mortgagor sought a deficiency judgment; and the purchaser was charged with the knowledge that the proper procedure when a deficiency is sought is that the bidding remains open for thirty days.  Goethe, 323 S.C. at 55, 448 S.E.2d at 576-77.
The facts in the present case are distinguishable.  As previously discussed, the correct procedures were followed regarding notice of the final sale and waiver of the deficiency.  The notice of sale and the decree both indicated that Bank of America could choose to waive the right to a deficiency.  The master announced at the sale that the deficiency judgment was waived and the sale would be final.  Thus, there were no irregularities that would affect the judicial sale.  Further, a deed was delivered to the Matthews.  We find no error with the masters determination that the Matthews were bona fide purchasers without notice. 
CONCLUSION
We hold that Brian has failed to demonstrate excusable neglect or mistake sufficient for relief from a judgment under Rule 60(b).  We further hold that Brian has waived any right to contest the decree under Rule 60(b) by failing to appeal, and that Bank of Americas written waiver without notice to Brian did not violate either Brians or Scotts due process rights because the waiver was proper under Rule 71(b) and notice to other parties is not required by law.  We find no material disparity between the terms of the decree and the notice of sale.  Additionally, we find no mistake that would justify granting relief to Scott in his independent action in equity.  Finally, we hold that even if the sale were conducted improperly, it may not be set aside because the Matthews are good faith purchasers for value without notice.  Accordingly the order of the master is hereby
 AFFIRMED. 
 HUFF, KITTREDGE, and BEATTY, JJ., concur.

[1]  It appears that Scott was the prior owner of the property and conveyed it to Brian on March 2, 1998.  However, nothing in the record indicates the terms of the conveyance.  
[2]  Brian and Scott allege in their brief that the mortgage was actually executed in 1996.  The mortgage documents in the record show a date of March 12, 1998, and the master held in his decree that the mortgage was executed on that date.  Neither Brian nor Scott argues on appeal that the master erred in finding the mortgage was executed on March 12, 1998.  Thus, that finding is the law of the case.
[3]  Although only Brian was a party to the foreclosure action and the motion for relief from judgment pursuant to Rule 60(b), SCRCP, it appears from the Wells brief that Scott is joining in on all of Brians arguments.  As will be discussed more fully below, because Scott was only a party to the separate action in equity, only his arguments on appeal relating to the separate equity action will be addressed.