**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tim Wilkes, Appellant,

v.

Horry County, Respondent.

Appellate Case No. 2012-212994

———————————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-074
Heard December 11, 2013 – Filed February 26, 2014

———————————

**AFFIRMED**

———————————

Gene M. Connell, Jr., of Kelaher Connell & Connor, PC, of Surfside Beach, for Appellant.

Walker H. Willcox, of Willcox Buyck & Williams, PA, of Florence, for Respondent.

———————————

**PER CURIAM:** This negligence action arises from the filling in of a swimming pool on a residential property purchased by Appellant Tim Wilkes at a judicial

sale. Wilkes argues the circuit court erred in granting summary judgment to Respondent Horry County (the County) on the ground that Wilkes was not the record owner of title for the residential property at the time notice was given to secure the swimming pool. We affirm.

South Carolina law governing judicial sales establishes that *equitable title* is transferred to the purchaser upon the payment of the purchase price. *See Levi v. Gardner*, 53 S.C. 24, 30, 30 S.E. 617, 619 (1898) ("There being no deed from the sheriff to Felder, the sale by the sheriff and the payment of the purchase money bid by Felder gave Felder, at most, only an equitable title."); *see also Parrott v. Dickson*, 151 S.C. 114, 122, 148 S.E. 704, 707 (1929) ("When the appellant became the successful bidder and paid in the required one-third of the purchase price, he became the equitable owner of these lots."). In order for a judicial sale to be completed and for *legal title* to the property to pass, a court officer must execute a deed conveying title to the property. *See* S.C. Code Ann. § 15-39-830 (2005) ("Upon a judicial sale being made and the terms complied with[,] the officer making the sale must execute *a conveyance* to the purchaser [that] shall be effectual to pass the rights and interests adjudged to be sold." (emphasis added)). Therefore, a judicial sale is still subject to attack where a court officer has not executed a deed conveying title to the property. *See Goethe v. Cleland*, 323 S.C. 50, 54-55, 448 S.E.2d 574, 576 (Ct. App. 1994) (holding that a judicial sale was never completed and the proceedings were still subject to attack where the appellant had yet to comply with the bid and, consequently, the clerk never issued a deed to the appellant).

Even assuming Wilkes had paid the full purchase price at the time notice was given, payment of the purchase price does not vest legal title in the purchaser; the issuance of the deed does. The facts show that at the time the County notified the prior owner of record to secure the swimming pool,[1] the Master-in-Equity had yet to execute the deed conveying ownership in the property to Wilkes.[2] Because Wilkes was not the legal owner of the property at the time notice was given, the County was entitled to rely on the title records in serving notice to the prior owner of record and was under no obligation to notify Wilkes of the ordinance violation.

---

[1] Notice of the ordinance violation was sent to the prior owner of record on August 20, 2010.

[2] The Master-in-Equity executed the deed of conveyance to Wilkes on August 23, 2010.

Accordingly, we find the circuit court did not err in granting the County's motion for summary judgment on this basis.

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**