0183

Plumer FORD, Fred Ford, Dorothy Murphy, Virginia Bellamy, Emma Neal Ford, Harold Ford, Nora Gore, Dexter Ford, Jr., Douglas Ford and Alston Ford, Appellant, v. W. S. WATSON, Davis Heniford, Jr., Harry D. McDowell, E. L. Windham, Maxine Dawes, J. D. Duncan, Jr., Thomas Bell, Juel I. Allen; and to all other persons unknown claiming any right, title, estate, lien or interest in the real property described in the complaint adverse to Plaintiff's title thereto, Respondents.

(316 S. E. (2d) 429)

Court of Appeals

*Franklin R. DeWitt,* Conway, *for appellants.*

*D. W. Green, Jr.,* and *Ralph Stroman,* Conway, *for respondents.*

Heard March 29, 1984.

Decided May 25, 1984.

CURETON, Judge:

The appellants, heirs at law of Favor Gore, seek to have their title to certain real estate previously owned by their ancestor established by adverse possession and quieted against the claims of the respondents. The respondents, Watson, Heniford, McDowell and Windham, assert that they own the property in question and further, that in court actions in 1974 and 1978, the question of title was decided adversely to the heirs' claims.

The matter was referred to the master in equity under provisions of Section 15-31-10, Code of Laws of South Carolina, 1976, for the entry of a final order. After referral, respondent Windham moved to dismiss the heirs' complaint on the ground that the prior determination of ownership in the 1974 and 1978 suits was *res judicata* to the issue of title in this action. We remand.

At a hearing on Windham's motion, without benefit of evidence, the master agreed with Windham that the question of title to the property had been considered by the court "on

two or more occasions and the court has confirmed title in E. L. Windham." The master then concluded that the prior determination of title was *res judicata* to the issues before him and thus dismissed the heirs' complaint.

The heirs have appealed the master's order of dismissal raising the following objections:

1. That since appellants Plumer Ford, Fred Ford, Dorothy Murphy, Virginia Bellamy and Emma Neal Ford were not parties to the 1974 and 1978 suits, their rights in the property have never been adjudicated;
2. That the respondents Watson, Heniford, McDowell and Windham did not comply with Section 15-67-60 of the South Carolina Code of Laws, 1976 and hence the 1974 and 1978 judgments are not *res judicata*;[1]
3. That the Master erred in finding that Code Section 15-67-90 barred their action;
4. That the Master erred in dismissing their action because Windham, Heniford and McDowell were not in actual possession of the property when the prior suits were commenced and thus could not have maintained adverse possession actions under provisions of Section 15-67-10 of the Code.

At oral argument it became apparent to this Court, that the record on appeal was insufficient to permit his Court to determine whether the property involved in this appeal is the same property involved in the 1974 and 1978 actions.[2] Additionally, the only appellants who were named as parties in either the 1974 or 1978 actions were Dexter Ford, Jr., Harold Ford and Douglas Ford. The master made no finding as to how the other heirs, though not parties to the prior actions, were nonetheless bound by the adjudications. The master simply concluded, "It is apparent to the court that the plaintiffs in

---

[1] It has not been made clear to this Court how the appellants claim the respondents violated Code Section 15-67-60 in the 1974 and 1978 actions.
[2] While the heirs' attorney claimed the heirs had built homes on and were in possession of the property involved in this appeal, the respondents' attorney argued that the heirs were not in possession of the subject property, but adjacent property. He also conceded that there was no way this Court could determine from the record whether the property involved in the prior suits is the same property involved here.

this action are persons bound by the Decrees found in judgment roll numbers 41403 and 47407 [1974 and 1978 actions]."

A judgment is *res judicata* so as to bar a claim in a subsequent action only where rendered upon the merits, upon the same matters in issue and between the same parties or their privies. *Griggs v. Griggs*, 214 S. C. 177, 51 S. E. (2d) 622 (1949).

The essential elements of *res judicata* are identity of parties, identity of subject matter and adjudication in a former suit. A litigant is barred from raising any issue which was adjudicated in the former suit and all issues which could have been raised in the former suit. *Wold v. Funderburg*, 250 S. C. 205, 157 S. E. (2d) 180 (1967); *McLeod v. Sandy Island Corporation*, 264 S. C. 463, 215 S. E. (2d) 903 (1975).

Here, there is *no* evidence to support the implicit finding by the master that the property involved in this action is the same as that involved in the 1974 and 1978 suits. Likewise, there has been no finding that the parties to the prior suits or their privies and the parties to this action or their privies are identical.[3]

For the foregoing reasons, we remand the case for a determination of (1) whether the property involved in this action is identical to that involved in the former suits and (2) whether each appellant or his privy was made a party to the previous suit either as a named party or by representation in a proper class.[4]

Finally, the heirs assert that the prior actions were a nullity because the respondents involved in those actions were out of possession of the property and lacked standing to prosecute them. Of course, we note from the pleadings in the judgment roll in the 1974 action that

---

[3] The 1974 action was an adverse claims suit brought by Heniford and McDowell against appellant Dexter Ford, Jr., other named defendants (the record does not reveal who the other named defendants were) and "unknowns." The 1978 suit was brought by Windham seeking an order enjoining Dexter Ford, Austin Ford, Dexter Ford, Jr., Harold Ford and Douglas Ford from interfering with his use of the property. The heirs (defendants) defaulted in both suits.

[4] See Section 15-67-40, Code of Laws of South Carolina, 1976, for authorization to serve certain unknown persons. We note, however, that it is doubtful that an adverse claimant in possession can be properly served with process by being designated as an unknown and served by publication.

Heniford and McDowell (the plaintiffs) alleged that they were in possession of the property involved in that suit. The question of possession was therefore factual and may not now form the basis for a collateral attack upon that judgment by those heirs who are bound by the judgment. *Wold v. Funderburg, supra.* However, since we remand for a determination of which appellants are so bound, we will not attempt to treat this exception on appeal.[5]

Likewise, until the master reconsiders the application of *res judicata* to the facts of this case, we are unable to dispose of the heir's exception that the master erred in finding that Code Section 15-67-90 barred the heirs' action. It is clear that this section, which operates as a statute of limitations, will preclude the instant action only as to those heirs who are "bound" by the 1974 or 1978 actions.

Accordingly, this case is remanded for the reasons above discussed.

Remanded.

BELL and GOOLSBY, JJ., concur.

_____

[5] If the master determines that certain of the heirs are not bound by the prior judgment, this issue would then become moot as to such heirs.