1486

Sophia Joanna Dierks YARBROUGH, Appellant v. W.W. COLLINS, Jr., Lynn Webster Collins and Earl L. Orr, Respondents. In re (Civil Action Number 79-CP-07-980) Myra Ann RICHARDSON, Plaintiff v. Paris MYERS, et al., Defendants.

(391 S.E. (2d) 873)

Court of Appeals

*Levin, Sams, Grimsley & Sams,* Beaufort, *for appellant.*

*Joseph R. Barker,* of *Bethea, Jordan & Griffin,* Hilton Head Island, *for respondents.*

*W.W. Collins, Jr.,* Hilton Head Island, *pro se.*

Heard Feb. 19, 1990.

Decided April 2, 1990.

CURETON, Judge:

This is an action to vacate a judgment. The judgment in question quieted title to approximately ten acres of land in Beaufort County. The trial court granted summary judgment to the defendants finding the action was barred by *S.C. Code Ann.* Section 15-67-90 (1976). The plaintiff, Yarbrough, appeals the order. We affirm.

The case has a long history. In 1979, Mary Ann Richardson began an action to quiet title in Beaufort County. Sophia Yarbrough was named as one of the defendants in that action and served by publication. She defaulted and an order was rendered in 1980 finding Richardson the owner in fee simple of ten acres of property known as Prospect Hill in Beaufort County.

W.W. Collins, Lynn Collins, and Earl Orr are successors to the interests of Mary Ann Richardson. In 1981, Sophia Yarbrough brought a title clearance action in Beaufort County regarding twenty-three acres of land. She named the Collinses and Orr as defendants because of the conveyances to them of the ten acres held by Richardson. The trial court

held Yarbrough was the owner in fee simple of the twenty-three acres. This court affirmed the trial court holding, in part, the affidavit of service by publication did not demonstrate due diligence in locating Yarbrough prior to publication. However, the South Carolina Supreme Court granted a writ of certiorari and reversed this court's decision. The Supreme Court found no jurisdictional defect in the service by publication upon Yarbrough. The Supreme Court remanded the case to the circuit court to determine if the ten acres involved in the Richardson action were included in the twenty-three acres contested in the Yarbrough case. *Yarbrough v. Collins*, 290 S.C. 76, 348 S.E. (2d) 194 (Ct. App. 1986), *reversed and remanded*, 293 S.C. 290, 360 S.E. (2d) 300 (1987). The circuit court determined the ten acres were included. No appeal was taken by Yarbrough from that order.

Yarbrough began the present action in 1988. She claims the judgment in the Richardson action was procured through extrinsic fraud. She alleges the affidavit filed by counsel for Richardson in support of the order of publication was fraudulent because due diligence was not used to locate all the defendants, specifically her. In essence, she alleges her address was known or could have been ascertained and because she did not receive personal service as opposed to service by publication she could not assert her defense to the Richardson suit.

The Collinses and Orr filed motions to dismiss. These motions were converted by the trial court to motions for summary judgment. The court considered the records of the two previous cases as well as memoranda filed by the parties. The court granted summary judgment to the Collinses and Orr finding this action by Yarbrough was barred by Section 15-67-90.

Section 15-67-90 imposes a three year statute of limitations on an action to set aside "for any reason" a judgment quieting title to land. *See Ford v. Watson*, 282 S.C. 66, 316 S.E. (2d) 429 (Ct. App. 1984). On the face of this record it is clear Yarbrough's suit commenced in 1988 comes more than three years after the 1980 judgment in the Richardson case. The trial court also held Yarbrough had actual knowledge or could have by reasonable diligence acquired full knowledge of all the facts constituting the alleged extrinsic fraud more than

three years before she began the instant action in 1988. The trial court based this conclusion upon the 1981 action filed by Yarbrough which demonstrated she was aware of the Richardson action and that the Richardson judgment pertained to a portion of the property she was claiming.

Yarbrough argues the trial court erred in granting summary judgment because she did not have a fair opportunity to prove the allegations of extrinsic fraud. Her brief argues her pleadings and matters outside the record. Yarbrough filed no affidavits in response to the motion for summary judgment. She has not presented evidence in the record relating to the claim of fraud other than the allegations in her complaint. The parties were advised the court was converting the motion to dismiss to a motion for summary judgment and were given time to file additional material with the court. A party may not rest on his pleadings when a motion for summary judgment is made and supported. *Moody v. McLellan*, 295 S.C. 157, 367 S.E. (2d) 449 (Ct. App. 1988).

Yarbrough's complaint in the 1981 action is in the record. It reflects her awareness of the 1979 Richardson action. Nothing in this record demonstrates Yarbrough's knowledge regarding her claim of extrinsic fraud was any different in 1981 than it was in 1988. Yarbrough argues her action is timely because it was not clear the ten acres covered by the Richardson action were part of the twenty-three acres involved in her 1981 action until after the remand by the Supreme Court. This argument does not delay the application of Section 15-67-90. Yarbrough included the Collinses and Orr as defendants in her 1981 suit. This action demonstrates an awareness the ten acres may have been included in the property she was claiming. We can discern no other reason for including them as parties. Her attack upon the Richardson judgement can not proceed in a piece-meal fashion given her awareness of the circumstances as early as 1981. This record supports the trial court's conclusion that Yarbrough's action is barred by Section 15-67-90.

Affirmed.

GARDNER and BELL, JJ., concur.