662 S.E.2d 420

Sara Mae **ROBINSON**, Mary Ann Campbell, James Scott, Ellis Scott, William Scott, Shirley Pinckney Hughes, Julius Steven Brown, Leon Brown, Annabell Brown, Loretta Ladson, Kathleen Brown, Mozelle B. Rembert, Patricia Frickling, Ruth Mitchell, Gwendolyn Dunn, Angela Hamilton, Geraldine Jameson, Remus Prioleau, Julius Prioleau, Anthony Prioleau, Judy Brown, Franklin Brown, Kathy Young, Kenneth Prioleau, Willis Jameson, Melvin Pinckney, William "Alonzie" Pinckney, Ruth Fussell, Hattie Wilson, Marie Watson, Gloria Becoat, Angela T. Burnett and Lawrence Redmond, Appellants,

v.

The **ESTATE OF** Eloise Pinckney **HARRIS**, Jerome C. Harris, a Personal Representative and sole heir and devisee of the Estate of Eloise P. Harris, Daniel Duggan, Mark F. Teseniar, Nan M. Teseniar, David Savage, Lisa M. Shogry–Savage, Debbie S. Dinovo, Martine A. Hutton, The Converse Company, LLC, Judy Pinckney Singleton, Mary Leavy, Michelle Davis, Leroy Brisbane, Frances Brisbane, and John Doe, Jane Doe, Richard Roe, and Mary Roe, who are fictitious names representing all unknown persons and the heirs at law or devisees of the following deceased persons known as of Simeon B. Pinckney, Isabella Pinckney, Alex Pinckney, Mary Pinckney, Samuel James Pinckney, Rebecca Riley Pinckney, James H. Pinckney, William Brown, Sara Pinckney, Julia H. Pinckney, Laura Riley Pinckney Heyward, Herbert Pinckney, Ellis Pinckney, Jannie Gathers, Robert Seabrook, Annie Haley Pinckney, Lillian

---

**10.** *See also* S.C.Code Ann. § 20–7–952(E) (1985).

Pinckney Seabrook, Simeon B. Pinckney, Jr., Matthew G. Pinckney, Mary Riley, John Riley, Richard Riley, Daniel McLeod and all other persons unknown claiming any right title, estate, interest, or lien upon the real estate tracts described in the Complaint therein, Defendants, Of whom Daniel Duggan is Respondent.

No. 4372.

Court of Appeals of South Carolina.

Submitted Feb. 1, 2008.

Filed April 18, 2008.

Rehearing Denied June 26, 2008.

142

George J. Morris and Walter Bilbro, Jr., both of Charleston, for Appellants.

Louis H. Lang, of Columbia, for Respondent.

THOMAS, J.:

In this action to quiet title, Kathleen Brown, along with the other named appellants, appeals an order granting summary judgment to Daniel Duggan. We affirm.[1]

## FACTS

Appellants filed a complaint and *lis pendens* on February 1, 2005, to quiet title to approximately 28.6 acres of heirs' property. On January 24, 2006, both the complaint and *lis pendens* were amended to list numerous other parties with potential claims to the property.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Identified as part of the 28.6 acres was a 0.540–acre parcel (the Duggan Property) conveyed by Robert L. Tuttle to Duggan in 2003. Tuttle and Christl Gehring acquired the Duggan Property in 2002 pursuant to a judgment of foreclosure and sale in 2000. Shortly after the judicial sale, Gehring conveyed her interest in the property to Tuttle.

In their amended complaint, Appellants requested the 2000 foreclosure be set aside because of ineffective service of process on Kathleen and Bobbie L. Brown, the mortgagors of Duggan Property when it went into foreclosure. On April 27, 2005, Duggan filed an answer in which he asserted various affirmative defenses, including the doctrines of res judicata and collateral estoppel and his status as a bona fide purchaser for value without notice. On February 28, 2006, Duggan filed a return and joinder to a summary judgment motion filed by two other defendants in the case.[2] In his return and joinder, Duggan again asserted as affirmative defenses section 15–39–870, his status as a bona fide purchaser for value without notice, and the doctrines of res judicata and collateral estoppel.

In response to Duggan's summary judgment motion, Appellants submitted an affidavit from Keith Brown, Kathleen Brown's son, challenging statements in the affidavits of service filed in the 2000 foreclosure action that he was served on behalf of Kathleen and Bobbie Brown. Specifically, Keith stated that he was not the person served and that both Kathleen and Bobbie, respectively his mother and sister, were incompetent at the time of the foreclosure action and subsequent sale. Appellants also submitted affidavits from two relatives who supported Keith's assertion that Kathleen and Bobbie were incompetent.

The trial judge found Appellants' complaint about "irregularities in the proceedings" could not overcome the "clear statutory imperative" of section 15–39–870, under which the doctrine of res judicata would protect a bona fide purchaser for value without notice. Accordingly, summary judgment was granted to Duggan. This appeal followed.

2. Defendants Lisa M. Shogry–Savage and David Savage moved for summary judgment, and Duggan joined in their motion.

## STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Moore v. Weinberg,* 373 S.C. 209, 215–16, 644 S.E.2d 740 743 (Ct.App.2007). "Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Id.* "[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted." *Ellis v. Davidson,* 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct.App.2004).

## LAW/ANALYSIS

Appellants argue the grant of summary judgment to Duggan was error because evidence of ineffective service of process on Kathleen and Bobbie in the foreclosure proceeding warranted reopening the 2000 foreclosure action and setting aside the subsequent sale of the Duggan Property. We disagree.

South Carolina Code section 15–39–870 provides as follows:

Upon the execution and delivery by the proper officer of the court of a deed for any property sold at a judicial sale under a decree of a court of competent jurisdiction that proceedings under which such sale is made shall be deemed res judicata as to any and all bona fide purchasers for value without notice, notwithstanding such sale may not subsequently be confirmed by the court.

S.C.Code Ann. § 15–39–870 (2005). The rationale for the statute is the well established public policy of protecting good faith purchasers and upholding the finality of a judicial sale. *See Cumbie v. Newberry,* 251 S.C. 33, 37, 159 S.E.2d 915, 917 (1968) (stating "a sound public policy requires the validity of judicial sales be upheld, if in reason and justice it can be done"); *Wooten v. Seanch,* 187 S.C. 219, 222, 196 S.E. 877, 878 (1938) (upholding a foreclosure sale in which the mortgagee purchased the property sold and further stating that, to set aside a sale, "there must be such irregularity in the proceed-

ings as to show that the sale was not fairly made, or that appellant was defrauded or misled to his injury and loss").

In *Cumbie v. Newberry,* the defaulting mortgagor received notice that his foreclosed land was to be sold at public auction. When the first bidder did not complete the sale, the land was sold at a subsequent auction. Notice of the second auction was published, but the defaulting mortgagor did not receive personal notice. The defaulting mortgagor sought to rescind the sale, arguing lack of personal jurisdiction. The supreme court stated:

> In furtherance of [public policy] ... a purchaser in good faith at a judicial sale is not affected by irregularities in the proceedings or even error in the judgment under which the sale is made; but is required at his peril only to make inquiry as to the jurisdiction of the court which ordered the sale, and whether all proper parties were before the court when the order was made.

*Cumbie,* 251 S.C. at 37, 159 S.E.2d at 917 (citations omitted); *see also* 27 S.C. Jur. Mortgages § 125 (1996) ("Foreclosure proceedings are res judicata as to any bona fide purchaser for value without notice, even though the sale is not later confirmed by the court.").

■ We hold the requirements of section 15–39–870 were satisfied in this case. First, the Master had competent jurisdiction to execute and deliver the deed to the Duggan Property pursuant to the judgment of foreclosure and sale by a "court of competent jurisdiction." In support of his motion for summary judgment, Duggan submitted a series of documents, all of which were matters of public record, indicating the judgment of foreclosure and sale and subsequent exchanges of title to the Duggan property were properly executed. Included in the documents was the judgment of foreclosure and sale. The judgment stated (1) service was made upon defendants, Kathleen and Bobbie; (2) both Kathleen and Bobbie were in default; (3) the attorneys of record were notified of the hearing; and (4) neither Kathleen nor Bobbie was in the United States military service. The judgment further indicated the property was to be sold by the Charleston County Master–in–Equity and listed the terms of the sale. Duggan also provided a deed from the Master conveying the property

to Tuttle and Gehring and indicating the property was sold pursuant to the judgment of foreclosure and sale.

Second, Duggan was a bona fide purchaser without notice. To claim the status of a bona fide purchaser, a party must show (1) actual payment of the purchase price of the property, (2) acquisition of legal title to the property, or the best right to it, and (3) a bona fide purchase, "*i.e.*, in good faith and with integrity of dealing, without notice of a lien or defect." *Spence v. Spence*, 368 S.C. 106, 117, 628 S.E.2d 869, 874–75 (2006). In addition, "[t]he bona fide purchaser must show all three conditions—actual payment, acquiring of legal title, and bona fide purchase—occurred before he had notice of a title defect or other adverse claim, lien, or interest in the property." *Id.*, 628 S.E.2d at 875.

There appears to be no dispute that Duggan satisfied the first two conditions. Appellants, however, claim the Master lacked jurisdiction to sell the Duggan Property because of defects in service, as evidenced by the affidavit of Keith Brown, in which he denied receiving service copies of the foreclosure papers that were to be served on Kathleen and Bobbie, and the affidavits from Brown and other relatives stating Kathleen and Bobbie were incompetent. Based on these affidavits, Appellants assert Kathleen and Bobbie were never properly notified of the underlying foreclosure proceeding as required by Rule 4(d)(2) of the South Carolina Rules of Civil Procedure. None of these affidavits, however, were matters of record at the time of the foreclosure sale.

Appellants also argue Duggan presented no evidence that proper newspaper publication of the foreclosure sale occurred or that John Doe or Jane Doe was named in the foreclosure action to represent unknown parties, minors, incompetents, or persons who could possibly be in the military, apparently suggesting these omissions should have alerted Duggan that lawful service of process on all necessary parties was lacking. We, however, have found no specific rulings in the appealed order on Appellants' arguments concerning lack of newspaper publication or the failure to name all necessary defendants in the foreclosure, and there is no indication that Appellants moved to alter or amend on either of these grounds; therefore, these issues are not preserved for appeal.

*See Noisette v. Ismail,* 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding that, when the trial court does not explicitly rule on an issue at trial and the appellant fails to move to alter or amend the judgment on that ground, the issue is not properly before the appellate court and should not be addressed). Moreover, there is no evidence that either Duggan or his predecessors-in-title had notice, constructive or otherwise, of Appellants' claims that Kathleen and Bobbie were incompetent and were not properly served in the foreclosure action. Pursuant to section 15–39–870, then, we hold Duggan's title is not affected by Appellants' claims of defective service of process in the foreclosure action.

In light of our disposition, we need not address Duggan's arguments concerning laches and abandonment as additional reasons to uphold the grant of summary judgment. *See Whiteside v. Cherokee County Sch. Dist. No. One,* 311 S.C. 335, 340–41, 428 S.E.2d 886, 889 (1993) (explaining the appellate court need not address a remaining issue when resolution of a prior issue is dispositive).

**AFFIRMED.**

HEARN, C.J., and ANDERSON, J., concur.