THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sara Mae
 Robinson, Mary Ann Campbell, James Scott, Ellis Scott, William Scott, Shirley
 Pinckney Hughes, Julius Steven Brown, Leon Brown, Annabell Brown, Loretta
 Ladson, Kathleen Brown, Mozelle B. Rembert, Patricia Frickling, Ruth
 Mitchell, Gwendolyn Dunn, Angela Hamilton, Geraldine Jameson, Remus Prioleau,
 Julius Prioleau, Anthony Prioleau, Judy Brown, Franklin Brown, Kathy Young,
 Kenneth Prioleau, Willis Jameson, Melvin Pinckney, William
 "Alonzie" Pinckney, Ruth Fussell, Hattie Wilson, Marie Watson,
 Gloria Becoat, Angela T. Burnett, and Lawrence Redmond, Appellants,
 v.
  
 The Estate of Eloise Pinckney Harris, Jerome C. 
 Harris, as Personal Representative and sole heir and devisee of the Estate 
 of Eloise P. Harris, Daniel Duggan, Mark F. Teseniar, Nan M. Teseniar, David 
 Savage, Lisa M. Shogry-Savage, Debbie S. Dinovo, Martine A. Hutton, The 
 Converse Company, LLC, Judy Pinckney Singleton, Mary Leavy, Michelle Davis, 
 Leroy Brisbane, Frances Brisbane, and John Doe, Jane Doe, Richard Roe and 
 Mary Roe, who are fictitious names representing all unknown persons and the 
 heirs at law or devisees of the following deceased persons known as Simeon 
 B. Pinckney, Isabella Pinckney, Alex Pinckney, Mary Pinckney, Samuel James 
 Pinckney, Rebecca Riley Pinckney, James H. Pinckney, William Brown, Sara 
 Pinckney, Julia H. Pinckney, Laura Riley Pinckney Heyward, Herbert Pinckney, 
 Ellis Pinckney, Jannie Gathers, Robert Seabrook, Annie Haley Pinckney, 
 Lillian Pinckney Seabrook, Simeon B. Pinckney, Jr., Matthew G. Pinckney, 
 Mary Riley, John Riley, Richard Riley, Daniel McLeod, and all other persons 
 unknown claiming any right, title, estate, interest, or lien upon the real 
 estate tracts described in the Complaint herein, Defendants,
 of whom David Savage and Lisa M. Shogry-Savage 
 are Respondents.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-649
Submitted November 1, 2008  Filed
 November 24, 2008
AFFIRMED

 
 
 
 Walter  Bilbro, Jr.,  of Charleston, for
 Appellants
 Amy L.B. Hill and Tina Cundari,  of Columbia and George J. Morris,
 of Charleston, for Respondent.
 Charles M. Feeley, of Summerville, for
 Guardian Ad Litem
 
 
 

PER CURIAM: Appellants
 appeal the trial courts grant of summary judgment in favor of Respondent,
 denying the setting aside of a 1966 quiet title action.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  §15-67-90 S.C.
 Code Ann. (imposing a three year statute of limitations on an action to set
 aside a judgment quieting title for any reason); Yarbrough
 v. Collins, 301 S.C. 339, 341, 391 S.E.2d
 873, 875 (Ct. App. 1990) (denying the setting aside of a judgment quieting
 title because section 15-67-90 imposes a three year statute of limitations); Robinson
 v. Estate of Harris, 378 S.C. 140, 662 S.E.2d 420 (Ct. App. 2008) (one who
 can demonstrate; (1) actual payment of the purchase price has been made; (2)
 acquisition of legal title; and (3) the purchase was bona fide, in the sense
 that it was made in good faith and without notice of any lien or defect; is
 protected as a bona fide purchaser);  Burnett v. Holiday Brothers Inc.,
 279 S.C. 222, 225, 305 S.E.2d 238, 240 (1983) (the purpose of the recording
 statute is to protect subsequent purchasers, for value without notice).
AFFIRMED.
ANDERSON, HUFF, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.