701 S.E.2d 740

Sara Mae ROBINSON, Mary Ann Campbell, James Scott, Ellis Scott, William Scott, Shirley Pinckney Hughes, Julius Steven Brown, Leon Brown, Annabell Brown, Loretta Ladson, Kathleen Brown, Mozelle B. Rembert, Patricia Frickling, Ruth Mitchell, Gwendolyn Dunn, Angela Hamilton, Geraldine Jameson, Remus Prioleau, Julius Prioleau, Anthony Prioleau, Judy Brown, Franklin Brown, Kathy Young, Kenneth Prioleau, Willis Jameson, Melvin Pinckney, William "Alonzie" Pinckney, Ruth Russell, Hattie Wilson, Marie Watson, Gloria Becoat, Angela T. Burnett and Lawrence Redmond, Petitioners,

v.

The ESTATE OF Eloise Pinckney HARRIS, Jerome C. Harris, a Personal Representative and sole heir and devisee of the Estate of Eloise P. Harris, Daniel Duggan, Mark F. Teseniar, Nan M. Teseniar, David Savage, Lisa M. Shogry–Savage, Debbie S. Dinovo, Defendants,

Martine A. Hutton, The Converse Company, LLC, Judy Pinckney Singleton, Mary Leavy, Michelle Davis, Leroy Brisbane, Frances Brisbane, and John Doe, Jane Doe, Richard Roe, and Mary Roe, who are fictitious names representing all unknown persons and the heirs at law or devisees of the following deceased persons known as Simeon B. Pinckney, Isabella Pinckney, Alex Pinckney, Mary Pinckney, Samuel James Pinckney, Rebecca Riley Pinckney, James H. Pinckney, William Brown, Sara Pinckney, Julia H. Pinckney, Laura Riley Pinckney Heyward, Herbert Pinckney, Ellis Pinckney, Jannie Gathers, Robert Seabrook, Annie Haley Pinckney, Lillian Pinckney Seabrook, Simeon B. Pinckney, Jr., Matthew G. Pinckney, Mary Riley, John Riley, Richard Riley, Daniel McLeod and all other persons unknown claiming any right title, estate, interest, or lien upon the real estate tracts described in the Complaint therein,

of whom Daniel Duggan is Respondent.

No. 26886.

Supreme Court of South Carolina.

Heard Nov. 30, 2009.

Decided Oct. 25, 2010.

Donald Higgins Howe, of Howe & Wyndham, LLP, of Charleston; George J. Morris and Walter Bilbro, Jr., both of Charleston, for Petitioners.

Louis H. Lang, of Callison Tighe & Robinson, LLP, of Columbia, for Respondent.

Charles M. Feeley, of Summerville, for Guardian Ad Litem.

PER CURIAM.

In Petitioners' quiet title action, they allege the foreclosure of Kathleen and Bobbie Brown's property in 2000 should be set aside for lack of service of process. Since the foreclosure, the property has been transferred several times: in 2002, at a judicial sale to Robert L. Tuttle and Christl Gehring; Gehring later transferred her interest to Tuttle; and in 2003, Tuttle transferred his interest to Respondent Daniel Duggan. In

2005, Petitioners filed a complaint and *lis pendens,* seeking to quiet title to 28.6 acres of heirs' property, including the approximately .54 acre lot in question. Duggan moved for summary judgment, asserting as an affirmative defense under S.C.Code Ann. § 15–39–870 (2005 & Supp.2008) [1] his status as a bona fide purchaser for value without notice. In response, Petitioners claimed lack of service of process in the 2000 foreclosure action, arguing the foreclosure was void for lack of personal jurisdiction over the necessary parties because: (1) they were never personally served with process; (2) they were both incompetent at the time of the alleged service; and (3) the alleged substituted service upon a relative never occurred. The trial judge found such "irregularities in the proceedings" could not defeat Duggan's status as a bona fide purchaser under the statute and granted Duggan summary judgment. The court of appeals affirmed. *Sara Mae Robinson v. Duggan,* 378 S.C. 140, 662 S.E.2d 420 (Ct.App.2008). We affirm the court of appeals, pursuant to the following authority: *Sara Mae Robinson v. The Converse Co., LLC,* 389 S.C. 360, 698 S.E.2d 801 (2010) and *Sara Mae Robinson v. Hutton,* 388 S.C. 645, 698 S.E.2d 229 (2010) (holding that while a judgment to quiet title may be set aside for extrinsic fraud, notwithstanding the three-year statute of limitations in S.C.Code Ann. § 15–67–90, laches may bar such a claim).

TOAL, C.J., BEATTY, KITTREDGE, JJ., and Acting Justices JAMES E. MOORE and JOHN H. WALLER, JR., concur.

---

1. Section 15–39–870 provides:

   Upon the execution and delivery by the proper officer of the court of a deed for any property sold at a judicial sale under a decree of a court of competent jurisdiction the proceedings under which such sale is made shall be deemed res judicata as to any and all bona fide purchasers for value without notice, notwithstanding such sale may not subsequently be confirmed by the court.