**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rallis Holdings, LLC and Oriole Properties, LLC, Third Party Petitioners,

In RE:

Clear Skies Restoration, LLC, Plaintiff,

v.

Ivan Martinez and Paula A. Martinez, Defendants,

of which Oriole Properties, LLC and Rallis Holdings are the Appellants,

and

Ivan Martinez, Paula A. Martinez, and Clear Skies Restoration, LLC are the Respondents.

Appellate Case No. 2019-001821

———

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

———

Unpublished Opinion No. 2023-UP-013
Heard October 12, 2022 – Filed January 11, 2023

———

**REVERSED AND REMANDED**

———

Matthew Todd Carroll and Bryant Sparks Caldwell, both of Womble Bond Dickinson (US) LLP, of Columbia, for Appellants.

Andrew Finley Carson, of The Clardy Law Firm, PA, of Greenville, for Appellant Oriole Properties, LLC.

A. Brooks Haselden, of Greenville, for Appellant Rallis Holdings, LLC.

Michael Bland Dodd, of The Dodd Law Firm, LLC, of Greenville, for Respondents Ivan Martinez and Paula Martinez.

M. Stokely Holder and Anna L. Bullington, both of Holder, Padgett, Littlejohn & Prickett, LLC, of Greenville, for Respondent Clear Skies Restoration, LLC.

———————

**PER CURIAM:**  Oriole Properties, LLC and Rallis Holdings, LLC (collectively, Appellants) appeal an order from the master-in-equity.  The master's order set aside a foreclosure judgment, foreclosure sale, and master's deed relating to property owned by Ivan Martinez and his ex-wife, Paula Martinez.

Appellants argue the master abused his discretion.  Appellants also argue the master erred with respect to a motion made by Clear Skies Restoration, LLC (Clear Skies) to correct the foreclosure judgment.  Clear Skies—the plaintiff below—began this lawsuit in an effort to collect on its mechanic's lien.  We reverse and remand.

## VOIDING THE FORECLOSURE SALE

The law favors upholding judicial sales.  A statute explains:

> Upon the execution and delivery by the proper officer of the court of a deed for any property sold at a judicial sale under a decree of a court of competent jurisdiction the proceedings under which such sale is made shall be deemed res judicata as to any and all bona fide purchasers

for value without notice, notwithstanding such sale may
not subsequently be confirmed by the court.

S.C. Code Ann. § 15-39-870 (2005).  The statute's rationale "is the well established
public policy of protecting good faith purchasers and upholding the finality of a
judicial sale." *Robinson v. Est. of Harris*, 378 S.C. 140, 144, 662 S.E.2d 420, 422
(Ct. App. 2008) (citing *Cumbie v. Newberry*, 251 S.C. 33, 37, 159 S.E.2d 915, 917
(1968) (stating "a sound public policy requires the validity of judicial sales be
upheld, if in reason and justice it can be done")).  Precedent says the public's faith in
deeds issued by the court "should not be shaken" and for that reason, the purchaser
at a judicial sale is required only to verify that the court had "jurisdiction of the
subject of the action and of the parties in interest." *Gladden v. Chapman*, 106 S.C.
486, 490, 91 S.E. 796, 797 (1917).

Here, Ivan and Paula argued to the master that the sale should be set aside because
Paula was not validly served with the lawsuit.  The rule cited above instructs us that
the master's deed must be upheld against this sort of claim unless a defect in service
was readily apparent on the face of the materials in the master's file before he ordered
the foreclosure sale.  The record contains no apparent defect with respect to service
on Paula.  Nothing in the review of the materials would cause Oriole Properties—
the successful bidder at the foreclosure sale—to doubt that Paula's interest in the
property was properly before the court.

The master ruled that the alleged failure to validly serve Paula meant the court was
not a court of "competent jurisdiction."  Appellants are correct that this ruling is an
error of law for the reason given above—questioning the master's jurisdiction over
Paula at this stage would require an error on the face of the record, and there is none.
We agree with Appellants that the argument offered as to the lack of service on Paula
is indistinguishable from the arguments rejected in *Robinson* and *Gladden*, both
cited above.

## CLEAR SKIES' MOTION TO CORRECT

Shortly after Ivan and Paula filed their motions seeking relief, Clear Skies filed a
motion asking the master to revise language specifying how the proceeds of the
judicial sale would be distributed.  Again, and as with Ivan and Paula's motions, this
was after the foreclosure sale occurred and after the master issued a deed.  Appellants
argue the master granted this motion and that in doing so, the master erred.

This issue is not properly before us. The master did not rule on the motion to correct. As we read the order, the master acknowledged the motion had been filed but stated that his decision to set the sale aside was dispositive. It is standard procedure that we will not rule on an issue unless it has been ruled on below. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue . . . must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

Appellants ask us on both issues to go a step further and adjudicate that they are bona fide purchasers for value. Here as well, because the master did not rule on this, we will not do so. Being a bona fide purchaser for value requires "(1) actual payment of the purchase price of the property, (2) acquisition of legal title to the property, or the best right to it, and (3) a bona fide purchase, '*i.e.*, in good faith and with integrity of dealing, without notice of a lien or defect.'" *Robinson*, 378 S.C. at 146, 662 S.E.2d at 423 (quoting *Spence v. Spence*, 368 S.C. 106, 117, 628 S.E.2d 869, 874-75 (2006)). Clear Skies' motion to correct stems from the fact that the master's file contains conflicting provisions purporting to explain that the property will be sold subject to two senior liens but also that proceeds from the sale will be used to satisfy the senior liens. The senior lienholders are not and have never been parties to this case. Though we reverse the master's ruling on service, we do so with great hesitation given the master's experience and expertise. That experience and expertise confirms for us that we should not attempt to address the motion to correct or the bona fide purchaser for value issue before the master has had the opportunity to do so.

**CONCLUSION**

Based on the forgoing, the master's order setting aside the foreclosure judgment and sale is

**REVERSED AND REMANDED.**

**KONDUROS, HEWITT, and VINSON, JJ., concur.**