**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Alecia Havens, Appellant,

v.

State Street Holdings, LLC, Respondent.

In Re:

AltaMonte Homeowners Association, Inc., Respondent,

v.

Alecia Havens, Appellant.

Appellate Case No. 2021-000852

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2023-UP-103
Submitted January 1, 2023 – Filed March 15, 2023

**AFFIRMED**

Brian L. Boger, of Columbia, for Appellant.

James Derrick Jackson, of Tobias G. Ward, Jr., PA, of Columbia; and Michael P. Morris, of MP Morris Law

Firm, P.A., of Lexington, both for Respondent State
Street Holdings, LLC.

James Derrick Jackson, of Tobias G. Ward, Jr., PA, of
Columbia; and Walter B. Todd, Jr., of Walter B. Todd,
Jr., PC, of Columbia, both for Respondent AltaMonte
Homeowners Association, Inc.

_____

**PER CURIAM:**  Alecia Havens appeals the master-in-equity's (the master's) order
denying her motion to vacate the judicial sale of Havens's property after the
foreclosure of a homeowners association (HOA) lien.  On appeal, Havens argues
the master erred in denying the motion to vacate the sale because (1) she did not
have proper notice of the proceedings, (2) the sales price shocked the conscience of
the court, and (3) she was entitled to vacation based on equitable grounds.  We
affirm pursuant to Rule 220(b), SCACR.

1.  We hold the master did not err in refusing to vacate the sale due to improper
notice of the proceedings because State Street Holdings, LLC, the party who
purchased the property at the foreclosure sale, was a bona fide purchaser without
notice, and therefore the issue is res judicata.  *See* S.C. Code Ann. § 15-39-870
(2005) ("Upon the execution and delivery by the proper officer of the court of a
deed for any property sold at a judicial sale . . . the proceedings under which such
sale is made shall be deemed res judicata as to any and all bona fide purchasers for
value without notice . . . ."); *Robinson v. Estate of Harris*, 378 S.C. 140, 146, 662
S.E.2d 420, 423 (Ct. App. 2008) ("To claim the status of a bona fide purchaser, a
party must show (1) actual payment of the purchase price of the property, (2)
acquisition of legal title to the property, or the best right to it, and (3) a bona fide
purchase, 'i.e., in good faith and with integrity of dealing, without notice of a lien
or defect.'" (emphasis omitted) (quoting *Spence v. Spence*, 368 S.C. 106, 117, 628
S.E.2d 869, 874-75 (2006))), *aff'd*, 390 S.C. 272, 701 S.E.2d 740 (2010); *Bloody
Point Prop. Owners Ass'n, Inc. v. Ashton*, 410 S.C. 62, 69, 762 S.E.2d 729, 733
(Ct. App. 2014) (holding "foreclosure proceedings were res judicata as to bona fide
purchasers without notice of defective service claims").

2.  We hold the master did not err in determining the foreclosure price did not
shock the conscience of the court because the sales price was not less than ten
percent of the actual value of the property.  *See Winrose Homeowners' Ass'n, Inc.
v. Hale*, 428 S.C. 563, 569, 837 S.E.2d 47, 50 (2019) ("A judicial sale will not be

set aside due to an inadequate sale price unless: (1) the price was so grossly inadequate as to shock the conscience of the court; or (2) an inadequate—but not grossly inadequate—price at the sale is accompanied by other circumstances from which the court may infer fraud has been committed."); *E. Sav. Bank, FSB v. Sanders*, 373 S.C. 349, 359, 644 S.E.2d 802, 807 (Ct. App. 2007) ("South Carolina has not established a bright line rule for what percentage the sale value must be with respect to the actual value in order to shock the conscience of the court."); *id.* ("However, a search of South Carolina jurisprudence reveals only when judicial sales are for less than ten percent of a property's actual value, have our courts consistently held the discrepancy to shock conscience of the court.").

3.  We hold Havens's argument that the master abused its discretion by failing to vacate the sale on equitable grounds is not preserved for appellate review because she did not raise the argument to the master or obtain a ruling on it.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Winrose Homeowners' Ass'n, Inc. v. Hale*, 423 S.C. 220, 231, 813 S.E.2d 894, 900 (Ct. App. 2018) (holding the appellant's arguments regarding equitable maxims were not preserved because the appellant "failed to state any specific equitable maxims during the hearing" and "the master failed to rule on any equitable argument in his order"), *rev'd on other grounds*, 428 S.C. 563, 837 S.E.2d 47 (2019); *Dodge v. Dodge*, 332 S.C. 401, 418, 505 S.E.2d 344, 352-53 (Ct. App. 1998) (finding an appellant's argument was not preserved for appeal when he "failed to specifically raise the issue in his Rule 59(e), SCRCP, motion for reconsideration").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.