720 S.E.2d 908

Re: **MORTGAGE FORECLOSURE ACTIONS.**

No. 2011–05–02–01.

Supreme Court of South Carolina.

May 2, 2011.

ADMINISTRATIVE ORDER

JEAN H. TOAL, Chief Justice.

On May 22, 2009, I issued an Administrative Order (Order No.2009–05–22–01) applicable to mortgage foreclosure actions subject to the Home Affordable Modification Program ("HMP") instituted by the United States Treasury Department ("Treasury"). The program applied to residential loans owned, securitized or guaranteed by the Federal National

Mortgage Association (Fannie Mae) or the Federal Home Loan Mortgage Corporation (Freddie Mac).

Subsequently, Treasury issued, by directive, additional guidance to servicers for adoption and implementation of the HMP for residential mortgage loans that are not owned, securitized or guaranteed by Fannie Mae or Freddie Mac. However, the HMP is only applicable to such loans if the lender or servicer has agreed to participate in the HMP. Not all lenders or servicers have so agreed.

Since imposition of my prior order, the number of foreclosure actions filed in this State have continued to increase. The trial courts having jurisdiction over such actions have reported to this Court difficulty in making final disposition of these actions as a result of failed or delayed loss mitigation efforts between lender-servicers and mortgagor-debtors. As a result, the number of unresolved foreclosure actions has increased, with a resulting burden on the resources of the Court before which the action is pending.

The courts have reported that these failures are the result of a breakdown of loss mitigation efforts that all parties find to be in their best interests, if possible. The trial courts report that such breakdowns are largely the result of difficulty in communication between lender-servicers and debtors, and the fact that foreclosure actions are proceeding to conclusion without regard to ongoing loss mitigation efforts by the parties.

I further take judicial notice of the actions of courts in other jurisdictions describing a similar breakdown in the efforts of parties to foreclosure actions to reach a resolution of defaults in payment of mortgage loans.

Therefore, based on the foregoing, and in order to insure that eligible homeowners and lender-servicers have been afforded the benefits of loan modification or other loss mitigation where possible, and to insure that the procedures for handling issues relating to such efforts are handled uniformly throughout the State, so that mortgage foreclosure actions are not unnecessarily dismissed, delayed or inappropriately concluded while loan modification or other loss mitigation efforts are being pursued, it is ordered as follows:

A. *Definitions:*

For the purposes of this administrative order, the following definitions shall apply:

(1) "Mortgagor" shall include every owner, mortgagor, and debtor under the note and mortgage at issue.

(2) "Mortgagee" shall include the owner and holder of the note and mortgage, any party acting on behalf of the owner and holder of the note and mortgage for the purpose of receiving payments, dealing with the mortgagor, or administering the loan evidenced by the note and mortgage, and any party seeking foreclosure of the subject mortgage, or otherwise acting as the agent of the owner and holder of the note in connection with the loan or the foreclosure of the note and mortgage, except for the mortgagee's attorney.

(3) "Owner–Occupied dwelling" is defined as mortgaged real property that is the principal residence of any mortgagor.

(4) "Court" shall include any judicial officer having jurisdiction over the foreclosure action, including any Circuit Court Judge, Master–In–Equity or Special Referee.

(5) "Foreclosure intervention" shall include any policy, process or procedure employed by a Mortgagee for the purpose of seeking a resolution of a foreclosure action by loan modification or other means of loss mitigation.

B. *Procedure in Foreclosure Actions:*

The terms and conditions of this order shall apply to all mortgage foreclosure proceedings concerning Owner–Occupied dwellings in this State.

(1) *Actions pending on May 9, 2011.*

In all mortgage foreclosure actions pending on May 9, 2011, before any merits hearing in the case, or if an order of foreclosure has been entered, before any foreclosure sale, the Mortgagee shall, through its attorney of record, file with the court and serve upon every Mortgagor a notice of the Mortgagor's right to foreclosure intervention. All proceedings in the foreclosure action shall be stayed until completion of such foreclosure intervention.

No foreclosure hearing or foreclosure sale may be held in the foreclosure action until the Mortgagee's attorney certifies the following:

(a) that the Mortgagor has been served with a notice of the Mortgagor's right to foreclosure intervention for the purpose of seeking a resolution of the foreclosure action by loan modification or other means of loss mitigation;

(b) that the Mortgagee, or its designated agent, has received and examined all documents and records required to be submitted by the Mortgagor to evaluate eligibility for foreclosure intervention;

(c) that the Mortgagor has been afforded a full and fair opportunity to submit any other information or data pertaining to the Mortgagor's loan or personal circumstances for consideration by the Mortgagee;

(d) that after completion of the foreclosure intervention process, the Mortgagor does not qualify for loan modification or other means of loss mitigation, in accordance with any standards, rules or guidelines applicable to the mortgage loan, and the parties have been unable to reach any other agreement concerning the foreclosure process; and,

(e) that notice of the denial of loan modification or other means of loss mitigation has been served on the Mortgagor by mailing such notice to all known addresses of the Mortgagor; provided, that such notice shall also state that the Mortgagor has 30 days from the date of mailing of notice of denial of relief to file and serve an answer or other response to the Mortgagee's summons and complaint.

If within thirty days after having been served with notice of the Mortgagor's rights, the Mortgagor has failed, refused, or voluntarily elected not to participate in any foreclosure intervention process, the Mortgagee, through its attorney, shall certify that fact to the Court, and the foreclosure action may proceed.

(2) *Actions filed after May 9, 2011.*

In all mortgage foreclosure actions filed after May 9, 2011, the Mortgagee's attorney shall serve on the Mortgagor, along with the summons and complaint, a notice of the Mortgagor's right to foreclosure intervention.

No foreclosure hearing may be held in the foreclosure action until the Mortgagee's attorney certifies that the Mortgagee has complied with the requirements of paragraphs B(1)(a) through (e) above.

If within thirty days after having been served with notice of the Mortgagor's rights, the Mortgagor has failed, refused, or voluntarily elected not to participate in any foreclosure intervention process, the Mortgagee, through its attorney, shall certify that fact to the Court, and the foreclosure action may proceed.

C. *General Conditions.*

Throughout the foreclosure intervention process and the foreclosure action, the Mortgagee shall communicate with and otherwise deal with the Mortgagor through the Mortgagee's attorney, and the Mortgagor shall have the right to deal with the Mortgagee through the Mortgagee's attorney. This includes, without limitation, submission of all required information, negotiations, and consummation of any loan modification or other loss mitigation agreement. If the Mortgagor is represented by an attorney, then the Mortgagee shall communicate with and otherwise deal with the Mortgagor through the Mortgagor's attorney.

No document, statement or evidence of any kind shared, released or exchanged exclusively for purposes of foreclosure intervention pursuant to this order shall be admissible as evidence in any subsequent proceeding. The provisions of Rule 8 of the Court Annexed Alternative Dispute Resolution Rules ("ADR Rules") shall apply to all such documents, statements or evidence, as well as to all discussions, disclosures and negotiations occurring in any foreclosure intervention process.

A Mortgagee's attorney, by proceeding with a foreclosure, represents to the Court that the Mortgagee has fully complied with all provisions of this Order.

In the event that the Mortgagor and Mortgagee agree on any loan modification or other loss mitigation plan ("Agreement"), such Agreement shall be reduced to writing, executed by the Mortgagor and Mortgagee, and served on all parties in the case. Any pending case shall be stayed, and no hearing or foreclosure sale held for 90 days following the entry of any

Agreement, unless the Mortgagor shall not comply with the terms of the Agreement.

Upon any failure by Mortgagor to comply with the terms of the Agreement before the expiration of 90 days from the date of the Agreement, the Mortgagee, through its attorney, shall file and serve on all parties a "Notice of Breach of Agreement". Upon filing and service of such notice, the foreclosure action may proceed in the ordinary course.

If the Mortgagor shall be in compliance with the terms of the Agreement after 90 days, the Mortgagee's attorney shall promptly file a notice of dismissal of the action without prejudice, and the case will be dismissed. Such notice of dismissal shall be served on all parties to the action.

The Court having jurisdiction over the foreclosure action shall hear and determine any dispute concerning any party's compliance with this order, including without limitation, the failure of any party to act in good faith in complying with the terms of this order. In the event the Court determines that any party to the foreclosure action, or their acting agent, has failed to comply with the terms of this order, or has not attempted to reach an agreement for foreclosure intervention in good faith, the Court may, in its discretion, impose such sanctions as it determines to be reasonable and just under the circumstances, including without limitation, the assessment of reasonable attorneys' fees and costs against the culpable party.

The Court having jurisdiction over the action shall have the authority, and may in its discretion, order the parties to submit to mediation. In such event, the mediation shall proceed in accordance with the ADR Rules.

This order remains in effect unless amended or rescinded by the Chief Justice.

IT IS SO ORDERED.

/s/Jean H. Toal
Chief Justice of South Carolina