# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Buffalo Creek Investments, Inc., Plaintiff,

v.

Stephen H. Pettus a/k/a Stephen Pettus and Christopher Gravley, Respondents,

and

Edwin Young and Barrett Maners, Intervenors,

Of whom Edwin Young and Barrett Maners are the Appellants.

Appellate Case No. 2020-000952

---

Appeal From Lancaster County
Wilson Davis, Special Referee

---

Opinion No. 5985
Submitted December 1, 2022 – Filed May 11, 2023

---

**REVERSED**

---

Walter Keith Martens, of Hamilton Martens, LLC, of Rock Hill, for Appellants.

Stephen H. Pettus, of Lancaster, pro se.

Christopher Gravley, of Lancaster, pro se.

---

**LOCKEMY, A.J.:** In this foreclosure action, Edwin Young and Barrett Maners (collectively, Buyers) allege the special referee erred by granting Stephen H. Pettus's and Christopher Gravely's (collectively, Mortgagors') motion to vacate a foreclosure and set aside a judicial sale. We reverse.

## FACTS/PROCEDURAL HISTORY

Mortgagors executed a promissory note payable to Buffalo Creek Investments, Inc. (Mortgagee) for $50,000.00, together with a twelve percent interest rate and a balloon payment provision. Mortgagors secured the note with a real estate mortgage for their residence (Subject Property) in Lancaster County.

Mortgagee commenced this foreclosure action by filing a lis pendens, summons, and complaint against Mortgagors. The complaint alleged that between July 2018 and December 2018, Mortgagors missed four monthly payments towards the note and there were no subsequent payments after December. Mortgagee stated that as of May 10, 2019, Mortgagors owed $58,442.75 plus interest towards their promissory note obligations. Mortgagee also claimed the Subject Property was not owner-occupied and was not subject to the terms of the May 2, 2011 administrative order of the supreme court (2011-05-02-01)[1] (2011 Administrative Order) because "the mortgage was granted to allow [Mortgagors] to invest in a business." Mortgagee filed affidavits of service, stating that Mortgagors had been served with Mortgagee's pleadings by delivering and leaving a copy of the pleadings at the Subject Property. Mortgagee subsequently filed an affidavit of default, stating Mortgagors had not provided any pleadings in response and were in default. The circuit court referred this matter to the special referee.

An initial foreclosure hearing was scheduled but was rescheduled to allow Mortgagee to appear and testify. At the second foreclosure hearing, Mortgagee

---

[1] S.C. Supreme Court Administrative Order 2011-05-02-01, *In re Mortgage Foreclosure Actions*, was issued by Chief Justice Jean Hoefer Toal in response to reports of "failed or delayed loss mitigation efforts" between lenders and homeowners. *In re Mortg. Foreclosure Actions*, 396 S.C. 209, 210, 720 S.E.2d 908, 908 (2011). It intends to ensure that eligible homeowners and lenders have "been afforded the benefits of loan modification or other loss mitigation where possible" and parties take certain steps for mortgage foreclosure intervention procedures. *Id.* at 210, 720 S.E.2d at 908. The 2011 Administrative Order provides that if parties failed to comply with the order, a court could "impose such sanctions as it determines to be reasonable and just under the circumstances." *Id.* at 214, 720 S.E.2d at 910.

appeared but Mortgagors did not; the special referee commenced the hearing and at its conclusion, issued a decree of foreclosure on September 20, 2019. The special referee specifically found the 2011 Administrative Order did not apply because the mortgage was a business line of credit. The referee determined (1) Mortgagee was entitled to foreclose its real estate mortgage because Mortgagors were in default of the promissory note; (2) Mortgagee had made a proper demand against Mortgagors; and (3) the Subject Property was to be sold at a public auction. Mortgagee served Mortgagors copies of the decree of foreclosure, notice of sale, and record of sale.

At the public auction, Buyers purchased the property for $78,750 and satisfied their bid in full on November 15, 2019. The special referee subsequently issued a deed to Buyers and filed an order and report confirming the sale. Mortgagors did not file a motion for reconsideration or an appeal of the decree of foreclosure or the order and report confirming the sale.

Mortgagors subsequently filed a motion to vacate the foreclosure and set aside the judicial sale. Buyers intervened to oppose the motion.

The same special referee held a hearing on Mortgagors' motion to vacate the foreclosure sale. First, Mortgagors argued Buyers were not bona fide purchasers for value and not protected under section 15-39-870 of the South Carolina Code (2005) because Buyers were on notice of defects in the service process and the failure to properly serve them removed this matter from the court's jurisdiction. Second, they contended the 2011 Administrative Order was applicable because the property was owner-occupied and the status of the property was available through public tax records and through the public records related to the case, such as Mortgagee's process of service affidavit, which stated Mortgagors were served by leaving copies of the pleadings at their "usual place of abode," i.e. the Subject Property. Third, according to Mortgagors, if the special referee did not vacate the foreclosure sale, they would stand to lose $242,500, the full amount they paid for the property, while Buyers would be returned the amount they paid at the sale if the special referee vacated the foreclosure. Mortgagors therefore contended the equities weighed in favor of vacating the foreclosure sale.

Buyers argued the special referee should not vacate the foreclosure sale. Buyers asserted (1) they were bona fide purchasers for value without notice protected under section 15-39-870; (2) issues raised by Mortgagors, regarding service and applicability of the 2011 Administrative Order, did not affect their status as bona fide purchasers because they were in no way responsible for "irregularities in the proceedings or even an error in the judgment under which the sale [was] made"

and there were no accompanying circumstances to vacate the sale; and (3) the purchase price at the foreclosure sale was not so low as to shock the conscience and set aside the sale.

Following the hearing, the special referee vacated the foreclosure and set aside the judicial sale. First, it determined Buyers were not bona fide purchasers for value without notice because they had notice that the Subject Property was owner-occupied and the 2011 Administrative Order applied. Second, the special referee concluded it was just and equitable to vacate the foreclosure and set aside the judicial sale because Buyers would be refunded their purchase price amount if the sale was vacated, while Mortgagors stood to lose $242,500 if the sale was not vacated. Third, the special referee determined a vacation of the foreclosure and sale was necessary because the sale was so gross as to shock the court's conscience. The referee ordered Mortgagee refund Buyers $78,750. It also ordered the Register of Deeds of Lancaster County to void the title conveying the Subject Property to Buyers.

Buyers filed a motion to reconsider, which the special referee denied. This appeal followed.

## ISSUES ON APPEAL

1. Did the special referee abuse its discretion in setting aside a valid foreclosure sale when it failed to recognize that the purchasers were "bona fide purchasers for value without notice" who should have been protected from Mortgagors' post-sale challenge by the provisions of section 15-39-870?

2. Did the special referee abuse its discretion in setting aside a valid foreclosure sale when it applied the incorrect standard of consideration to the Mortgagors' motion to vacate, focusing on alleged irregularities in the underlying foreclosure action and the "equities," rather than the absence of any evidence of irregularity in the conduct of the sale?

3. Did the special referee abuse its discretion in setting aside a valid foreclosure sale when it ignored long-standing precedent and found that Buyers' bid "shocked the court's conscience" even though Buyers bid more than three times the amount our courts have typically required as a minimum threshold?

## STANDARD OF REVIEW

"A mortgage foreclosure is an action in equity." *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997). "In actions in equity

referred to a special referee with finality, the appellate court may view the evidence to determine the facts in accordance with its own view of the preponderance of the evidence, though it is not required to disregard the findings of the special referee." *Florence Cnty. Sch. Dist. No. 2 v. Interkal, Inc.*, 348 S.C. 446, 450, 559 S.E.2d 866, 868 (Ct. App. 2002). "However, the determination of whether a judicial sale should be set aside is a matter left to the sound discretion of the [special referee]." *Wells Fargo Bank, NA v. Turner*, 378 S.C. 147, 150, 662 S.E.2d 424, 425 (Ct. App. 2008). "An abuse of discretion occurs when the conclusions of the [special referee] are either controlled by an error of law or are based on unsupported factual conclusions." *Belle Hall Plantation Homeowner's Ass'n, Inc. v. Murray*, 419 S.C. 605, 615, 799 S.E.2d 310, 315 (Ct. App. 2017).

**LAW/ANALYSIS**

As an initial matter, we address Buyers' argument that the special referee ignored its prior determination that the 2011 Administrative Order did not apply and failed to consider that Mortgagors did not appeal the decree of foreclosure. Buyers contend Mortgagors lost their opportunity to challenge this finding when they failed to appeal and it became the law of the case. We agree.

Pursuant to the law of the case doctrine, the special referee's determination in the decree of foreclosure that the 2011 Administrative Order did not apply bound the parties to this holding because no party appealed the decree. *See Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) (determining that a party may not seek relief from an order not appealed "because the order has become the law of the case"); *In re Morrison*, 321 S.C. 370, 372 n.2, 468 S.E.2d 651, 652 n.2 (1996) (noting that an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal); *Bartles v. Livingston*, 282 S.C. 448, 461-62, 319 S.E.2d 707, 715 (Ct. App. 1984) (determining a party was bound in all subsequent proceedings by a foreclosure decree it did not appeal); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (stating "an unappealed ruling, right or wrong, is the law of the case"). Therefore, the special referee erred in subsequently finding the 2011 Administrative Order did apply.

## I.   Bona Fide Purchasers

Buyers argue the special referee erred in determining they were not bona fide purchasers for value without notice and setting aside the judicial sale. They contend they satisfied the elements and the referee erred in not finding Mortgagors' claims were barred. We agree.

"A judicial sale should not be set aside except for cogent reasons. The purpose of the law and of the proceedings in which a sale has been decreed is that it shall be final." *E. Sav. Bank, FSB v. Sanders*, 373 S.C. 349, 355, 644 S.E.2d 802, 805 (Ct. App. 2007). A party claiming the status of a bona fide purchaser must show: "(1) actual payment of the purchase price of the property, (2) acquisition of legal title to the property, or the best right to it, and (3) a bona fide purchase, 'i.e., in good faith and with integrity of dealing, without notice of a lien or defect.'" *Robinson v. Est. of Harris*, 378 S.C. 140, 146, 662 S.E.2d 420, 423 (Ct. App. 2008) (quoting *Spence v. Spence*, 368 S.C. 106, 117, 628 S.E.2d 869, 874-75 (2006)).

> Upon the execution and delivery by the proper officer of the court of a deed for any property sold at a judicial sale under a decree of a court of competent jurisdiction the proceedings under which such sale is made shall be deemed res judicata as to any and all bona fide purchasers for value without notice, notwithstanding such sale may not subsequently be confirmed by the court.

§ 15-39-870.

"[A] purchaser in good faith at a judicial sale is not affected by irregularities in the proceedings or even error in the judgment, under which the sale is made . . . ." *Bloody Point Prop. Owners Ass'n, Inc. v. Ashton*, 410 S.C. 62, 67, 762 S.E.2d 729, 732 (Ct. App. 2014) (quoting *Cumbie v. Newberry*, 251 S.C. 33, 37, 159 S.E.2d 915, 917 (1968)).

> It must be presumed from the judgment rendered that the [special referee] considered and adjudicated the regularity and sufficiency of each and every step in the proceedings leading up to it, including the sufficiency of the complaint, the issuance and service of process upon the defendants, and the rights and interests of the parties to the action under the allegations and evidence; and although the conclusions with respect to those matters, or any of them, might have been erroneous, so that they would have been reversed on appeal, they do not make the judgment void collaterally.

*Id.* at 68, 762 S.E.2d at 733 (quoting *Gladden v. Chapman*, 106 S.C. 486, 491, 91 S.E. 796, 797 (1917)).

We hold the special referee erred in determining Buyers were not bona fide purchasers for value without notice and in setting aside the judicial sale. *See Wells Fargo Bank*, 378 S.C. at 150, 662 S.E.2d at 425 ("[T]he determination of whether a judicial sale should be set aside is a matter left to the sound discretion of the trial court."); *Murray*, 419 S.C. at 615, 799 S.E.2d at 315 ("An abuse of discretion occurs when the conclusions of the circuit court are either controlled by an error of law or are based on unsupported factual conclusions."). Here, Buyers were bona fide purchasers for value without notice because they satisfied their bid in full and received the deed pursuant to an order from the special referee. *See Robinson*, 378 S.C. at 146, 662 S.E.2d at 423 (determining two elements a party must satisfy to claim the status of a bona fide purchaser for value without notice are "(1) actual payment of the purchase price of the property, (2) acquisition of legal title to the property, or the best right to it" (quoting *Spence*, 368 S.C. at 117, 628 S.E.2d at 874-75)). Furthermore, Buyers purchased the Subject Property in good faith and without notice of defect. *See id.* (stating the party must have purchased the property "in good faith and with integrity of dealing, without notice of a lien or defect" to claim the status of a bona fide purchaser for value without notice). They determined from filings that (1) Mortgagors did not respond to Mortgagee's pleadings, (2) the special referee determined Mortgagors were in default, (3) the 2011 Administrative Order did not apply, and (4) they had no notice of any alleged irregularities in the underlying lawsuit.

In regards to Mortgagors' arguments before the special referee that Mortgagee did not properly serve them with its pleadings and therefore removed the matter from the special referee's jurisdiction, we find Mortgagors' claims of defective service in the underlying foreclosure action did not affect Buyers' status as bona fide purchasers for value without notice. *See Bloody Point*, 410 S.C. at 67, 762 S.E.2d at 732 (holding that "a purchaser in good faith at a judicial sale is not affected by irregularities in the proceedings or even error in the judgment, under which the sale is made"); *id.* at 68, 762 S.E.2d at 733 (stating that an appellate court presumes the special referee "considered and adjudicated the regularity and sufficiency of each and every step in the proceedings leading up to [the judgment] including the sufficiency of the complaint [and] the issuance and service of process upon the defendants" (quoting *Gladden*, 106 S.C. at 491, 91 S.E. at 797)). We are required to presume the proceedings leading to the foreclosure sale were sufficient. Therefore, we conclude the special referee erred in not affording Buyers protection under section 15-39-870 as bona fide purchasers for value without notice and by not determining *res judicata* barred Mortgagors' claims. Accordingly, we reverse the special referee's finding that Buyers were not bona fide purchasers for value without notice.

## II. Relative Equities

Buyers argue the special referee erred in considering the "relative equities" of Buyers and Mortgagors in determining that a vacation of the foreclosure and set aside of the judicial sale was just and equitable. We agree.

"A judicial sale will be set aside when either: (1) the sale price "is so gross as to shock the conscience[;]" or (2) the sale "is accompanied by other circumstances warranting the interference of the court." *Wells Fargo Bank*, 378 S.C. at 150, 662 S.E.2d at 425 (quoting *Poole v. Jefferson Standard Life Ins. Co.*, 174 S.C. 150, 157, 177 S.E. 24, 27 (1934)).

We hold the special referee erred in weighing the equities of each party's potential loss in vacating the foreclosure and setting aside the judicial sale. *See Wells Fargo Bank*, 378 S.C. at 150, 662 S.E.2d at 425 ("[T]he determination of whether a judicial sale should be set aside is a matter left to the sound discretion of the trial court."); *Murray*, 419 S.C. at 615, 799 S.E.2d at 315 ("An abuse of discretion occurs when the conclusions of the circuit court are either controlled by an error of law or are based on unsupported factual conclusions."). The referee should have examined whether "the sale was accompanied by other circumstances warranting the interference of the court." *See Wells Fargo Bank*, 378 S.C. at 150, 662 S.E.2d at 425. Because the special referee determined there were alleged irregularities in the events preceding the sale and Mortgagors did not present any evidence of irregularities with the sale proceeding itself, the special referee abused its discretion. *See Wachesaw Plantation E. Cmty. Servs. Ass'n, Inc. v. Alexander*, 420 S.C. 251, 263, 802 S.E.2d 635, 642 (Ct. App. 2017) (standing for the proposition that in the absence of mistake, fraud, misrepresentation, or other unfairness in the course of a judicial sale proceedings, the sale should be upheld). Accordingly, we reverse the special referee's determination that the equities weighed in favor of vacating the foreclosure and setting aside the sale.

## III. Foreclosure Sale Price

Buyers argue the special referee abused its discretion in finding their sale price bid was so low as to shock the court's conscience. We agree.

> A judicial sale will not be set aside due to an inadequate sale price unless: (1) the price was so grossly inadequate as to shock the conscience of the court; or (2) an inadequate—but not grossly inadequate—price at the sale is accompanied by other circumstances from which the

court may infer fraud has been committed.

*Winrose Homeowners' Ass'n, Inc. v. Hale*, 428 S.C. 563, 569, 837 S.E.2d 47, 50 (2019). "South Carolina courts have not established a bright-line rule for what percentage of the sale price must be met with respect to the actual value of the property in order to shock the conscience of the court." *Id.* at 570, 837 S.E.2d at 50. "However, a search of South Carolina jurisprudence reveals only when judicial sales are for less than ten percent of a property's actual value, have our courts consistently held the discrepancy to shock conscience of the court." *E. Sav. Bank*, 373 S.C. at 359, 644 S.E.2d at 807.

We hold the special referee erred in determining the sale price of the Subject Property shocked the court's conscience and setting aside the judicial sale. First, the special referee abused its discretion in comparing the amount Buyers paid for the Subject Property with the amount Mortgagors paid, instead of analyzing the actual value of the Subject Property presented through the evidence. *See Winrose Homeowners' Ass'n*, 428 S.C. at 570, 837 S.E.2d at 50 ("South Carolina courts have not established a bright-line rule for what percentage of the sale price must be met with respect to the *actual value* of the property in order to shock the conscience of the court.") (emphasis added). Additionally, while South Carolina has not adopted a bright-line rule regarding the percentage amount a judicial sale must surpass so as to not shock the court's conscience, Buyers' bid amount was an acceptable amount because it was thirty-two percent of what Mortgagors paid for the Subject Property and thirty-three percent of the assessed value. *See E. Sav. Bank*, 373 S.C. at 359, 644 S.E.2d at 807 ("[A] search of South Carolina jurisprudence reveals only when judicial sales are for less than ten percent of a property's actual value, have our courts consistently held the discrepancy to shock conscience of the court."). Therefore, the bid amount was greater than ten percent, which is the percentage our appellate courts have generally applied to determine adequacy of a sale price at a judicial sale absent other circumstances. Accordingly, we reverse the special referee's finding that Buyers' bid amount was unacceptable because it shocked the conscience.

**CONCLUSION**

Based on the foregoing, the special referee's order vacating the foreclosure and setting aside the judicial sale is

**REVERSED.**[2]

**WILLIAMS, C.J., and THOMAS, J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.